**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Nos.     19-cv-02304-RM-STV


ETHAN WEST-HELMLE,

      Plaintiff,

v.

DENVER DISTRICT ATTORNEY'S OFFICE,
DENVER COUNTY JUDICIARY,
UNIVERSITY OF DENVER,
DUSTIN HEARD,
CHRISTINE WASHBURN,
JESSIE DUBOIS,
MELISSA TROLLINGER ANNIS,
THOMAS RUSSELL,
VIVA MOFFAT, and
ALEXI FREEMAN,

      Defendants.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

      This civil action comes before the Court on Plaintiff's Motion for Appointment of Counsel (the "Motion") [#24], which was referred to this Court [#25].   Plaintiff, proceeding *pro se*, filed the instant lawsuit against the University of Denver, the Denver County Judiciary, the Denver District Attorney's Office and various employees of those entities alleging discrimination, retaliation, breach of contract, and various forms of interference arising out of an externship Plaintiff had with the Denver District Attorney's Office while a law student at the University of Denver.  [#6]  Plaintiff's Motion seeks the

appointment of counsel to assist Plaintiff in prosecuting this action.  [#24]  Following its review of the Motion, the case file, and the applicable law, this Court DENIES the Motion, without prejudice, for the reasons stated below.

The determination of whether to appoint counsel in a civil case is left to the sound discretion of the district court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual and legal issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted).  Under Local Rule of Practice 15(f)(1)(B), the Court applies the following factors and considerations in reviewing a motion for appointment of counsel in a civil action: 1) the nature and complexity of the action; 2) the potential merit of the *pro se* party's claims; 3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and 4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.  D.C.COLO.LAttyR 15(f)(1)(B).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Id.* (quoting *McCarthy*, 753 F.2d at 839).

In support of his request for appointment of counsel, Plaintiff states that this case is "very complex because it addresses 12 counts, each against several different

defendants, for different reasons based on adverse actions."   [#24 at 1]   He also indicates that he is unable to secure counsel because most attorneys have worked with the externship office at the law school and thus have a conflict of interest.   [*Id.* at 2, 5] Plaintiff further argues that the appointment of counsel would serve the interests of justice because defense counsel are more experienced than him and appointed counsel would be able to provide the court with "clear, well-organized responses to opposing counsels' briefs."  [*Id.* at 6]

This Court has considered Plaintiff's request for appointed counsel in light of the factors identified in *Hill* and D.C.COLO.LAttyR 15(f)(1)(B).   Although Plaintiff makes general representations that an attorney would be more knowledgeable of the law and thus better suited to prosecute his claims, Plaintiff does not provide facts to demonstrate that Plaintiff will be unable to effectively represent himself.   Although Plaintiff contends that it will be difficult for him to fully explore each element of his claims, "because [his] disability has rendered it impossible to rush through preparation without any prior experience 'handling' any of these claims" [#24], Plaintiff need not "rush through preparation" to prosecute his claims in this case.[1]   Notably, despite his disability, Plaintiff was able to successfully complete his law degree and has been seeking employment as a district attorney.  [#6 at 13, 24]  It thus is clear that Plaintiff has a higher degree of education and vastly more experience with the legal system than most *pro se* litigants. Finally, because this case remains at the very early stages of litigation, the Court is unable to evaluate the merits of Plaintiff's claims.

---

[1] No Scheduling Order has even yet been entered in this case.  [See #17]

Given these factors, the Court cannot conclude that the interest of justice would be served by appointment of counsel at this time.  If, as the case develops, the merits of the case or limitations on Plaintiff's ability to advocate for himself become clearer, Plaintiff may renew his request.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Appointment of Counsel [#24] is **DENIED WITHOUT PREJUDICE**.

DATED:  December 20, 2019                           BY THE COURT:

                                              s/Scott T. Varholak
                                              United States Magistrate Judge