IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-02304-RM-STV

ETHAN WEST-HELMLE,

    Plaintiff,

v.

DENVER DISTRICT ATTORNEY'S OFFICE,
DENVER COUNTY JUDICIARY,
UNIVERSITY OF DENVER,
DUSTIN HEARD,
CHRISTINE WASHBURN,
JESSIE DUBOIS,
MELISSA TROLLINGER ANNIS,
THOMAS RUSSELL,
VIVA MOFFAT, and
ALEXI FREEMAN,

    Defendants.

---

# ORDER

---

This matter is before the Court on the recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 84) to grant, for the most part, the four pending motions to dismiss and thereby dismiss the bulk of Plaintiff's claims in this case. Plaintiff and Defendants Denver District Attorney's Office, Heard, Washburn, and Dubois ("DA Defendants") have filed limited objections to the recommendation (ECF Nos. 85, 86). The DA Defendants and Defendants Denver County Judiciary and Annis ("City Defendants") have filed responses to Plaintiff's objections (ECF Nos. 87, 88).

I.      **LEGAL STANDARDS**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

Plaintiff proceeds pro se; thus, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**II.     BACKGROUND**

No party objected to the magistrate judge's recitation of the relevant background information, which the Court incorporates herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For present purposes, the Court briefly summarizes that Plaintiff's externship with the Denver District Attorney's Office generally did not go well and that one low point was when Defendant Annis, a magistrate judge, barred him from her courtroom.

In his second amended complaint, Plaintiff asserts twelve claims for relief. Adopting the magistrate judge's recommendation would leave only three: a retaliation claim under the Americans with Disabilities Act ("ADA") against Defendant Denver District Attorney's Office, a Rehabilitation Act claim against Defendant University of Denver, and a conspiracy claim against Defendants Moffatt and Freeman. As the magistrate judge noted, Defendants have not challenged the latter two claims in their motions to dismiss. (*See* ECF No. 84 at 15, 39.)

**III.    ANALYSIS**

With respect to the findings and conclusions of the magistrate judge's fifty-three-page recommendation that no party objected to, the Court finds the magistrate judge's analysis was thorough and sound and discerns no material errors on the face of the record. The Court modifies the recommendation in one respect, as stated below, but otherwise adopts it in its entirety.

    **A.     Plaintiff's Objections**

Plaintiff raises three arguments as to why his claims against the City Defendants should not be dismissed. First, he argues that his case is similar to *Forrester v. White*, 484 U.S. 219 (1988), where the Supreme Court held that a state court judge did not have absolute immunity

3

from a damages suit under 42 U.S.C. § 1983 for his decision to demote and discharge a probation officer. The Court reasoned that while judges enjoy absolute immunity for "truly judicial acts," such personnel decisions are administrative in nature, and they are not rendered "judicial" simply because they are made by a judge. *Id.* at 227-29. On the other hand, the Court stated that "acting to disbar an attorney as a sanction for contempt of court . . . does not become less judicial by virtue of an allegation of malice or corruption of motive." *Id.* at 227.

Plaintiff's reliance on *Forrester* is misplaced. To begin with, he was neither hired nor fired by Defendant Annis. Moreover, if acting to disbar an attorney is a judicial act under *Forrester*, it is difficult to comprehend why acting to bar an extern from a courtroom would not be. "Judges have an obligation to maintain control over the courthouse and over the conduct of persons in the courthouse; the issuance of an order removing persons from the courthouse in the interest of maintaining such control is an ordinary function performed by judges . . . ." *Stevens v. Osuna*, 877 F.3d 1293, 1305 (11th Cir. 2017). Indeed, numerous courts have concluded that judges perform judicial acts when they order individuals removed or bar them from their courtrooms. *See, e.g.*, *id.* at 1305-06 (listing cases); *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994) ("A judge acts in his judicial capacity when he exercises control over his courtroom."). The Court finds that nothing in *Forrester* undermines Defendant Annis' clear entitlement to absolute judicial immunity in this case.

Second, Plaintiff argues that "the Court abused its discretion when cursorily dismissing novel issues." (ECF No. 86 at 6.) This argument does not meaningfully address any specific aspect of the recommendation.

Third, Plaintiff seems to argue that the magistrate judge should not have recommended dismissing the claims against Defendant Denver County Judiciary merely because its employee, Defendant Annis, is entitled to absolute judicial immunity. However, Plaintiff cites no specific act performed by Defendant Denver County Judiciary for which it could be held liable and does not meaningfully address any specific aspect of the recommendation.

Accordingly, the Court overrules Plaintiff's objections to the recommendation and accepts and adopts the recommendation in its entirety as it pertains to granting the City Defendants' motion to dismiss.

### B.     DA Defendants' Objections

The DA Defendants argue that the magistrate judge erred by refusing to dismiss Plaintiff's ADA retaliation claim after finding that he had otherwise failed to state a claim under the ADA or the Rehabilitation Act against the DA Defendants. However, the elements of an ADA retaliation claim are different from those of an ADA discrimination claim. *See Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1186 (10th Cir. 2016). "[T]o prosecute an ADA retaliation claim, a plaintiff need not show that he suffers from an actual disability." *Id.* (quotation omitted). "Rather, on this point, the plaintiff need only show that he had a reasonable, good-faith belief that he was disabled." *Id.* Due to this difference between retaliation and discrimination claims under the ADA, the magistrate judge's determination that Plaintiff failed to allege he was a qualified individual does not compel the conclusion that he failed to state an ADA retaliation claim. Therefore, the DA Defendants' have not shown that it was legally or logically inconsistent for the magistrate judge to recommend dismissing the discrimination claims but not the retaliation claim, and the objection is overruled with respect to this argument.

The DA Defendants also argue that the magistrate judge erred by recommending that Plaintiff's state law tort claims should be dismissed without prejudice. The Court agrees. The magistrate judge determined that Plaintiff failed to allege in his complaint compliance with the Colorado Government Immunity Act ("CGIA") and found that his efforts to comply (stated in his response to the motions to dismiss) did not amount to substantial compliance with the CGIA notice requirements. (ECF No. 84 at 28.) Under Colorado law, "if the plaintiff fails to plead compliance and cannot cure this defect, Colorado courts dismiss the claims with prejudice." *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). Therefore, the Court sustains the DA Defendants' objection on this point and modifies the recommendation to dismiss the state law tort claims *with prejudice*.

## IV.   CONCLUSION

Accordingly, the Court ORDERS as follows:

(1)   Defendant Russell's motion to dismiss (ECF No. 62) is GRANTED;

(2)   the DA Defendants' motion to dismiss (ECF No. 64) is GRANTED IN PART and DENIED IN PART;

(3)   the City Defendants' motion to dismiss (ECF No. 65) is GRANTED;

(4)   the partial motion to dismiss by Defendants University of Denver, Moffat, and Freeman (ECF No. 68) is GRANTED IN PART and DENIED IN PART;

(5)   the magistrate judge's recommendation (ECF No. 84) is ACCEPTED AND ADOPTED AS MODIFIED by this order;

(6)   the DA Defendants' objections (ECF No. 85) are SUSTAINED IN PART and OVERRULED IN PART; and

(7)     Plaintiff's objections (ECF No. 86) are OVERRULED.

DATED this 9th day of September, 2020.

                                                BY THE COURT:

                                                RAYMOND P. MOORE
                                                United States District Judge