TO:        The Supreme Court of Minnesota
           Board of Law Examiners

FROM:      Bruce P. Smith
           Dean, University of Denver Sturm College of Law

DATE:      August 29, 2019

RE:        Ethan West-Helmle


In my capacity as dean of the University of Denver Sturm College of Law, I have been asked to furnish information relating to *Ethan West-Helmle*, a December 2018 graduate of the Sturm College of Law, who I understand to be seeking admission to the Minnesota bar.

To that end, I disclose the following matters:

1. <u>Expunged Felony Conviction</u>

   In February 2016, as disclosed herein, Mr. West-Helmle amended his law school application to disclose a felony conviction for unlawful sale of marijuana, arising out of a single ½-ounce transaction in 2009 in Van Nuys, California. Although the matter was categorized as a felony in 2009, prevailing norms regarding cannabis have altered in the past half-decade – including in California. Moreover, more than a half-decade has elapsed since the occurrence of this matter. Finally, as previously noted, the matter was later *expunged*. Given these considerations, I do not believe that this conviction – by itself – should disqualify the candidate for admission to the bar.

2. <u>Failure in Fall 2017 Externship</u>

   In Fall 2017, Mr. West-Helmle received a failing grade (i.e., NP – No Pass) in an externship class associated with a placement with the Colorado District Attorney's Office (2d District). His appeal to the law school's faculty Examinations, Standing and Readmission Committee proved unavailing. (We have enclosed full details, including assessments by the Committee, the District Attorney's Office, and the applicant himself.)

   A failure in an externship class at the University of Denver Sturm College of Law is highly exceptional and generally raises substantial doubts about a student's professionalism as exhibited in the course. In this case, the available evidence reveals a number of serious concerns about professionalism and judgment:

Dean's ltr & LSA

- A Denver-area magistrate judge "excluded" Mr. West-Helmle from her courtroom – an occurrence that the District Attorney's Office had never seen with respect to a student extern. Rather than accepting responsibility for the actions that led to this outcome, Mr. West-Helmle attributed the result to the judge's "erratic courtroom attitude" and her "attitude [and] temper tantrums."

- The District Attorney's Office ultimately terminated Mr. West-Helmle from his position, observing that he "overlooked or ignored" "large details" and displayed "a poor attitude when confronted with the issues in his work product." In its assessment of his work, the Office further noted that Mr. West-Helmle "need[ed] to stop blaming the court or others for the issues and challenges he is facing." In assigning a failing grade, the Office cited the candidate's "lack of judgment," "refusal to take responsibility," serious and persistent defects in work quality, and seeming discrepancies in reporting of hours worked.

I have submitted these details – particularly those relating to the fall 2017 externship position – in response to the question of whether there is any "adverse information" relating to applicant's character or fitness to practice law. Although the details shared would not necessarily *preclude* a candidate's admission to the bar if he or she later possessed the requisite commitment to professionalism at the time of admission, I have nonetheless raised these details in the interest of full disclosure.

EWH-83