**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02304-RM-STV

ETHAN WEST-HELMLE,

    Plaintiff,

v.

DENVER DISTRICT ATTORNEY'S OFFICE,
DENVER COUNTY JUDICIARY,
UNIVERSITY OF DENVER,
DUSTIN HEARD,
CHRISTINE WASHBURN,
JESSIE DUBOIS,
THOMAS RUSSELL,
VIVA MOFFAT, and
ALEXI FREEMAN,

    Defendants.

---

**ORDER**

---

Before the Court is the May 3, 2021 Recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 131) to grant two Motions to Dismiss by Defendants Denver District Attorney's Office, Heard, Washburn, and Dubois (the "DA Defendants") (ECF No. 109) and Defendant Russell (ECF No. 114) and a Partial Motion to Dismiss by Defendants University of Denver, Moffat, and Freeman (the "DU Defendants") (ECF No. 113).  The magistrate judge further recommended granting in part and denying in part a fourth Motion to Dismiss by Defendant Denver County Judiciary (the "DCJ") (ECF No. 111).  Plaintiff and the DCJ filed Objections to the Recommendation (ECF Nos. 134, 135), and the DA Defendants and the DCJ

filed Responses to Plaintiff's Objection (ECF Nos. 136, 137). For the reasons below, the Court overrules the Objections and adopts the Recommendation.

I.  **LEGAL STANDARDS**

   A.  **Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

   B.  **Fed. R. Civ. P. 12(b)(1)**

Pursuant to Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." "The general rule is that subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the court at any point in the proceeding." *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Dismissal under Fed. R. Civ. P. 12(b)(1) is not a judgment on the merits of the plaintiff's case but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction). Although the burden of establishing subject matter jurisdiction is on the party asserting jurisdiction, "[a] court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1289 (D. Colo. 2009) (quotation omitted).

### C. Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

### D. Treatment of a Pro Se Plaintiff's Pleadings

The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

No party objected to the magistrate judge's recitation of the relevant background information, which the Court incorporates into this Order by reference. *See* 28 U.S.C.

3

§ 636(b)(1)(B); Fed. R. Civ. P. 72(b).  In short, Plaintiff's externship with the Denver District Attorney's Office generally did not go well, and a particular low point was when a magistrate judge employed by the DCJ barred him from her courtroom.

In his Third Amended Complaint, Plaintiff asserts four claims for relief under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act and two more claims for breach of contract and conspiracy.  Adopting the Recommendation leaves only ADA and Rehabilitation Act retaliation claims against the DCJ and a separate Rehabilitation Act claim against the DU Defendants.

## III.   ANALYSIS

With respect to the findings and conclusions of the magistrate judge's thirty-seven-page Recommendation to which no party objected, the Court finds the magistrate judge's analysis was thorough and sound and discerns no material errors on the face of the record.  *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

### A.   Plaintiff's Objection

Plaintiff is not opposed to dismissal of his breach of contract and conspiracy claims. (*See* ECF No. 124 at 1.)

#### 1.   ADA discrimination claim against the DCJ

Plaintiff does object to dismissal of his disability discrimination claim against the DCJ based on the magistrate judge's determination that he failed to plausibly allege he is a qualified individual with a disability under the ADA.  As pertinent here,[1] the ADA defines a "disability"

---

[1] Plaintiff did not specifically object to the magistrate judge's determination that Plaintiff raised no argument based on the other two definitions in the statute.  (*See* ECF No. 131 at 16 n.10.)

as "a physical or mental impairment that *substantially limits* one or more of the *major life activities* of [an] individual." 42 U.S.C. § 12102(1)(A) (emphasis added). "A 'major life activity' is a basic activity that the average person in the general population can perform with little or no difficulty." *Pack v. Kmart Corp.*, 166 F.3d 1300, 1305 (10th Cir. 1999). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). A physical or mental impairment is "substantially limiting" only if the individual is unable to perform a major life activity or is significantly restricted as to the condition, manner, or duration under which he can perform such an activity. *Pack*, 166 F.3d at 1305. To determine whether an impairment "substantially limits" a major life activity, courts consider (1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long-term impact resulting from the impairment. *Lusk v. Ryder Integrated Logistics*, 238 F.3d 1237, 1240 (10th Cir. 2001).

In response to the magistrate judge's determination that neither the allegations in the Complaint nor the attached medical records plausibly allege a physical or mental impairment that substantially limits one or more of Plaintiff's major life activities, the only allegation Plaintiff points to is paragraph 110 of his Complaint, in which he alleges that one of his persistent symptoms resulting from his stroke is "poor circulatory function." (ECF No. 134 at 7.) Doubling down, he adds, "All Plaintiff need say is 'poor circulatory function,' and Plaintiff said just that." (*Id.*)

For present purposes, the Court will assume "poor circulatory function" constitutes an impairment. But Plaintiff has not identified any "major life activity" that he is unable to perform

5

or significantly restricted in performing. Nor has he shown that this impairment "substantially limits" any such activity. *See Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 898 (10th Cir. 1997) ("[T]he impairment must be significant, and not merely trivial."); *see also Byrne v. Bd. of Educ.*, 979 F.2d 560, 564 (7th Cir. 1992) ("The statute's inclusion of the limiting adjectives 'substantial' and 'major' emphasizes that the impairment must be a significant one."). In the absence of any allegation that Plaintiff had difficulty performing a major life activity, his vague and conclusory assertion that he "properly pleaded a physical disability which causes cognitive impairments of different degrees" (ECF No. 134 at 2) adds no oxygen to a nonexistent flame. *See Lusk*, 238 F. 3d at 1241 (stating that evidence showing an impairment merely affects a major life activity is generally insufficient).

Because the Complaint fails to include allegations demonstrating that Plaintiff is disabled, the Court will overrule Plaintiff's objection regarding this claim. The Court declines to consider newly submitted evidence, such as the medical records Plaintiff attaches to his Objection. Nor will the Court consider arguments raised for the first time in the Objection, such as Plaintiff's new contention that he must be a qualified individual with a disability because he has received accommodations in the past. Further, the Court declines to dismiss this claim without prejudice. Plaintiff has already been granted leave to file a Third Amended Complaint. The Court dismissed several of Plaintiff's claims without prejudice after the previous round of motions to dismiss (*see* ECF Nos. 84, 90), but such a course is not sustainable in terms of fairness to Defendants or judicial efficiency.

        2.        <u>Retaliation and Rehabilitation Act claims against the DA Defendants</u>

Plaintiff does not object to the dismissal of his claims for discrimination and failure to accommodate against the DA Defendants; he objects only to dismissal of his retaliation claims

against these Defendants, which are premised on allegations that the DA Defendants slandered Plaintiff to various prospective employers. (*See* ECF No. 108 at 18, ¶ 118.) The alleged protected activity underlying these claims is Plaintiff's filing with the Colorado Attorney General's Office, in March 2018, a discrimination notice concerning his externship. The magistrate judge recommended dismissal of these claims on the grounds that Plaintiff did not plausibly plead a causal connection between his filing of the notice and the alleged slander that first occurred in June 2018.

In response to this part of the Recommendation, Plaintiff first asks to Court to view the allegations in the Third Amended Complaint through a bizarre temporal prism so that only a month-and-a-half separates March 2018 from June 2018—the latter being the month in which the DA Defendants allegedly first defamed Plaintiff while communicating with the district attorney in Multnomah County, Oregon. (*Id.* at 16, ¶¶ 105, 106.) This is because under relevant caselaw, the closer the adverse action is to the protected activity, "the more likely it will support a showing of causation," and "a one and one-half month between protected activity and adverse action may, by itself, establish causation" on a retaliation claim. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999). Plaintiff has not identified other evidence of causation—he relies exclusively on temporal proximity.

Here, the Complaint alleges Plaintiff filed the notice with the Colorado Attorney General's Office in March 2018 and that the Attorney General provided notice to the DA Defendants "shortly thereafter." (ECF No. 108 at 14, ¶ 92.) Nonetheless, Plaintiff now argues that he filed the complaint "near the end of March" and suggests that "processing and mailing of the notice" could have taken thirty days or longer. (ECF No. 134 at 9.) Plaintiff contentions that he "made a mistake" and "missed these typographical errors" (*id.* at 9-10) are unavailing because

7

the purpose of a Fed. R. Civ. P. 12(b)(6) motion is to test the sufficiency of the allegations within the four corners of the complaint.  *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  The Court's role is not to supply or accept additional factual allegations to round out Plaintiff's Complaint.  *See Smith*, 561 F.3d at 1096.  Although the Court draws all reasonable inferences in Plaintiff's favor, the Court finds it is unreasonable to infer from the allegations in Plaintiff's Complaint that the DA Defendants' adverse actions closely followed the protected activity to support an inference of a retaliatory motive.  *See Ridge at Red Hawk, LLC v. LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) ("[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.").  Thus, the Court will overrule Plaintiff's Objection based on "temporal issues."

Plaintiff next objects to the dismissal of his retaliation claims "based on conclusory statements."  (ECF No. 134 at 12.)  But part of the Court's role in assessing the sufficiency of a complaint is to distinguish well-pleaded facts from allegations which are legal conclusions, bare assertions, or merely conclusory, none of which are not entitled to the assumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009); *see also Cory*, 583 F.3d at 1244.  Plaintiff does not identify any non-conclusory allegations that were deemed conclusory by the magistrate judge.  To the extent the magistrate judge determined some of the allegations in the Complaint were conclusory, the Court discerns no error, and the Court will overrule this portion of Plaintiff's Objection as well.

Finally, Plaintiff objects to the dismissal of these claims with prejudice "because this is only the first chance Plaintiff has taken to revise."  (ECF No. 134.)  To be clear, Plaintiff has

filed four versions of the Complaint in this case. (ECF Nos. 1, 6, 61, 108.) Under these circumstances, the Court finds it is appropriate at this juncture to overrule this portion of the Objection and to dismiss this claim with prejudice.

### B. The DCJ's Objection

The DCJ objects to the magistrate judge's determination that it is not entitled to absolute judicial immunity. Although this Court has already ruled that former Defendant Annis is protected by judicial immunity for banning Plaintiff from her courtroom (*see* ECF No. 90 at 4), the magistrate judge concluded that such immunity does not extend to the DCJ. Given the current record and posture of the case, the Court agrees.

The DCJ argues that Plaintiff uses the terms "DCJ," "Annis," and "Courtroom 4C" interchangeably and without defining their terms or relationship to one another, resulting in "ambiguity surrounding who or what Plaintiff is suing and under what theory." (ECF No. 135 at 6.) The Court does not disagree. However, while such ambiguity could very well raise liability issues in this case, the Court does not find it provides a basis for granting absolute immunity to the DCJ. In *Smith*, 643 F. Supp. 2d at 1294, the court found that "immunity which derives from judicial immunity may extend to *persons* other than a judge" in certain contexts, but there is no authority supporting the theory that such "quasi-immunity" maybe be extended to an *agency*. The DCJ does not offer such authority here.

The DCJ argues that *Smith* and the other three federal district court cases cited in the Recommendation for the proposition that absolute immunity does not extend beyond claims against the individuals protected by that immunity are distinguishable from this case. Again, the Court does not disagree with the DCJ's point. But the problem remains from the DCJ's

perspective that there is an absence of authority for extending absolute judicial immunity under the circumstances of this case.

The DCJ argues that its position finds support in *Villescas v. Richardson*, 124 F. Supp. 2d 647 (D. Colo. 2000). There, because the Department of Justice was being sued for the actions of one of its agents—an Assistant United States Attorneys who had absolute immunity for his actions that were intimately associated with the judicial process—the Court concluded the Department was entitled to absolute immunity. *Id.* at 655.

But here, as noted above, there is ambiguity about Plaintiff's precise theory of the case. And while it does appear that Plaintiff's claims against the DCJ are premised solely on the conduct of former Defendant Annis, at this stage of the case, the Court finds it is at least plausible that the DCJ could be found liable for retaliatory conduct by one of its agents that was not intimately associated with the judicial process. The Complaint alleges, for instance, that the DCJ "slanderously advocated that DU fail [him]." (ECF No. 108 at 18, ¶ 120.) Thus, in light of the "rare and exceptional character" of the doctrine of judicial immunity, *Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985), the Court finds the DCJ is not entitled to absolute judicial immunity as the matter now stands.

The DCJ also argues for the first time that Plaintiff has not alleged a policy or custom to support a finding of vicarious liability in this case. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). But this argument has been waived, as it was not raised in its Motion to Dismiss (ECF No. 111) or even its Reply (ECF No. 122). Waiver principles also preclude the Court's consideration of DCJ's newfound argument that Plaintiff fails to allege a causal connection between his protected activity and any adverse action by the DCJ. Accordingly, the Court will overrule the DCJ's Objection.

IV.     **CONCLUSION**

Therefore, the Court ORDERS as follows:

(1)     the DCJ's Objection (ECF No. 135) is OVERRULED,

(2)     Plaintiff's Objection (ECF No. 134) is OVERRULED,

(3)     the Recommendation (ECF No. 131) is ACCEPTED,

(4)     Defendant Russel's Motion to Dismiss (ECF No. 114) is GRANTED, and the claims against him are DISMISSED WITH PREJUDICE,

(5)     the DU Defendants' Partial Motion to Dismiss (ECF No. 113) is GRANTED, and the claims against Defendants Moffat and Freeman are DISMISSED WITH PREJUDICE,

(6)     the DA Defendants' Motion to Dismiss (ECF No. 109) is GRANTED, and the claims against the DA Defendants are DISMISSED WITH PREJUDICE, and

(7)     the DCJ's Motion to Dismiss (ECF No. 111) is GRANTED IN PART and DENIED IN PART, in accordance with the Recommendation and this Order.

DATED this 12th day of August, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge