IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Nos.   19-cv-02304-RM-STV

ETHAN WEST-HELMLE,

    Plaintiff,

v.

DENVER COUNTY JUDICIARY,
UNIVERSITY OF DENVER,

    Defendants.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This civil action comes before the Court on Plaintiff's Renewed Motion for Appointment of Counsel (the "Motion") [#144], which was referred to this Court [#145]. Plaintiff, proceeding *pro se*, filed the instant lawsuit against the University of Denver, the Denver County Judiciary, the Denver District Attorney's Office, and various employees of those entities alleging discrimination, retaliation, breach of contract, and various forms of interference arising out of an externship Plaintiff had with the Denver District Attorney's Office while a law student at the University of Denver. [#6] After the filing of the most recent Complaint [#108] and the Court's recent Order dismissing certain defendants and claims [#139], only Defendants University of Denver and Denver County Judiciary remain. Plaintiff's Motion seeks the appointment of counsel "for the limited purpose of reviewing my written work before submission, deposing witnesses

and representing me at trial as well as selecting an expert witness." [#144 at 2] Following its review of the Motion, the case file, and the applicable law, this Court DENIES the Motion, without prejudice, for the reasons stated below.

The determination of whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual and legal issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). Under Local Rule of Practice 15(f)(1)(B), the Court applies the following factors and considerations in reviewing a motion for appointment of counsel in a civil action: 1) the nature and complexity of the action; 2) the potential merit of the *pro se* party's claims; 3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and 4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

This Court has considered Plaintiff's request for appointed counsel in light of the factors identified in *Hill* and D.C.COLO.LAttyR 15(f)(1)(B). First, Plaintiff's motion does

demonstrate to the Court that Plaintiff is unable to retain counsel by other means. Plaintiff is not proceeding in forma pauperis in this matter [#7] and has not demonstrated that he does not have the financial means to hire an attorney [##143, 144, 146].[1]  Moreover, Plaintiff has not demonstrated to the Court that he has attempted to retain counsel on his own.[2]  The Court is, furthermore, not convinced that this action is particularly complex, as only two defendants and two claims remain.  [#139]

Plaintiff argues that his likelihood of success on the merits is stronger today than it previously has been and, as support, includes evidence in support of his general claims.  [#144 at 4]  Plaintiff's remaining claims undoubtedly have passed the initial hurdle of surviving the motion to dismiss stage, but both Defendants and Judge Moore have identified significant issues that need to be resolved in the remaining claims, which impact this Court's ability to assess the merits of those claims.  [*See* #139 at 10 (describing ambiguity in Plaintiff's theory of the case and declining to consider arguments Defendant waived at the motion to dismiss stage)]  Indeed, this case has not progressed significantly since Plaintiff's last motion for counsel, as discovery has been stayed pending resolution of motions to dismiss.  [*See* #140 (lifting stay of Discovery and setting a scheduling conference)]  The Court will be better able to assess the merits of Plaintiff's claims as the case proceeds.

---

[1] Indeed, in a separate motion, Plaintiff has included his monthly expenses, in which he includes attorneys' fees. [#143 at 4-5] Plaintiff's monthly income, as listed, is sufficient to cover all his monthly expenses—including the listed attorneys' fees—with money left over. [*Id.*] The Court thus perceives no financial hardship in Plaintiff hiring an attorney.
[2] Although he does not raise this argument in this Motion, in a previous motion to appoint counsel Plaintiff argued that he is unable to secure counsel because most attorneys have worked with the externship office at the law school and thus have a conflict of interest. [#24 at 2, 5] The Court finds it implausible that every—or even

Finally, Plaintiff argues that "[t]he condition of my competency is at issue in this case" and further explains that he requires an attorney because he is "too fragile and now hypersensitive to have my truth explicitly ignored, or denied, time and again, and avoid losing my mind, losing my patience, then losing my temper." [#144 at 5] The Court perceives this argument to be not about Plaintiff's competency, in the legal sense, but rather about his frustration with the Court's previous Orders and his belief that he is unable to adequately represent himself due to his disability and the emotional stress this case is causing him. [*See Id*. at 6-7] The Court is sympathetic to the difficulty pro se parties face litigating their claims. However, the Court notes that, thus far, Plaintiff has been diligent in prosecuting his claims, has been able to present legal arguments to the Court, and has consistently met case deadlines. Moreover, the Motion does not specifically identify limitations on Plaintiff's competency and ability to proceed pro se, other than detailing his general frustrations with how he believes the Court and opposing parties perceive him. It therefore appears to the Court that Plaintiff is able to advocate effectively for himself in this matter.

Given these factors, the Court cannot conclude that the interest of justice would be served by appointment of counsel at this time. If, as the case develops, the merits of the case or limitations on Plaintiff's ability to advocate for himself become clearer, Plaintiff may renew his request.[3]

---

most—attorneys in the Denver metro area attended the University of Denver's law school.

[3] The Court notes that in the Motion Plaintiff states that if this Court denies his motion for counsel, "then please dismiss this with prejudice and certify your holding for appeal." [#144 at 7] A motion to dismiss this case is not before the Court at this time and, accordingly, the Court will not address such a request. Plaintiff may dismiss his action by following the procedures outlined in Federal Rule of Civil Procedure 41.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Appointment of Counsel [#144] is **DENIED WITHOUT PREJUDICE**.

The Court strongly encourages Plaintiff to contact the Federal Pro Se Clinic which provides free assistance to people representing themselves in the United States District Court for the District of Colorado. If Plaintiff wishes to avail himself of this service, he may make an appointment by phone (303-380-8786) or online at www.cobar.org/cofederalproseclinic. The Clinic is located at: Alfred A. Arraj Courthouse (first floor), 901 19th Street, Denver, CO 80294.

DATED: September 7, 2021

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge