IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02304-RM-STV

ETHAN WEST-HELMLE,

    Plaintiff,

v.

DENVER DISTRICT ATTORNEY'S OFFICE,
DENVER COUNTY JUDICIARY,
UNIVERSITY OF DENVER,
DUSTIN HEARD,
CHRISTINE WASHBURN,
JESSIE DUBOIS,
THOMAS RUSSELL,
VIVA MOFFAT, and
ALEXI FREEMAN,

    Defendants.

---

**ORDER**

---

Before the Court are Plaintiff's Motion to Certify Orders for Interlocutory Appeal (ECF No. 141), which has been fully briefed (ECF Nos. 148, 149, 150, 151, 152) and Defendant Thomas Russell's Request for Entry of Judgment Pursuant to Fed. R. Civ. P. 58(d) (ECF No. 142). Both Motions are denied for the reasons below.

**A.**    **Plaintiff's Motion**

Plaintiff requests an order certifying for interlocutory appeal various claims that were dismissed in two of the Court's prior Orders (ECF Nos. 90, 139). But "[i]nterlocutory appeals have long been disfavored in the law, and properly so. They disrupt and delay the proceedings below." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006). Under 28 U.S.C.

§ 1292(b), this Court has discretion to certify an order in a civil action for interlocutory appeal if (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion regarding that question, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *See In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 223 (D. Colo. 1991). Such appeals are "exceedingly rare." *Carbajal v. Keefer*, 51 F. Supp. 3d 1065, 1068 (D. Colo. 2014); *see also Brown v. City of Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) ("The Court should construe the requirements for certification strictly . . . and certify only where exceptional circumstances warrant." (citation omitted)). An interlocutory appeal may also be granted under Fed. R. Civ. P. 54(b) if the Court expressly determines "there is no just reason for delay."

Nothing in Plaintiff's Motion or Reply establishes that an interlocutory appeal is appropriate under either rubric.[1] This is not a case in which an immediate appeal would materially advance termination of the litigation. Rather, it would further protract and expand the litigation by revisiting issues that have already been decided. The mere fact that Plaintiff disagrees with the Court's rulings does not show there is a substantial difference of opinion regarding what legal standards to apply. Nor does the Court discern any basis for finding there is no just reason for delay. *See Carpenter*, 456 F.3d at 1189 ("The purposes of the final judgment rule are to avoid piecemeal litigation, to promote judicial efficiency, and to defer to the decisions of the trial court. Unfettered interlocutory appeals would disrupt both the trial and appellate processes." (quotation omitted)). In short, the Court concludes this is not the exceedingly rare case where the plaintiff cannot resolve his remaining claims before seeking appellate review.

---

[1] The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B.     Defendant Russell's Motion

Defendant Russell requests entry of final judgment pursuant to Fed. R. Civ. P. 58(d). Although Plaintiff's claims against him have been dismissed with prejudice, the goal of avoiding piecemeal litigation and other purposes of the final judgment rule would not be served by entering final judgment at this stage, where Plaintiff continues to pursue related claims against other Defendants who remain in this case.

### C.     Conclusion

Accordingly, both Motions (ECF Nos. 141, 142) are DENIED.

DATED this 26th day of October, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge