**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02304-RM-STV

ETHAN WEST-HELMLE,

    Plaintiff,

v.

DENVER COUNTY JUDICIARY, and
UNIVERSITY OF DENVER,

    Defendants.

---

## ORDER

---

Before the Court is the Recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 205) to deny Plaintiff's Motion to Amend Third Amended Complaint and Join Melissa Trollinger Annis (ECF No. 176). Plaintiff has filed Objections to the Recommendation (ECF No. 211), and Defendant Denver County Judiciary ("DCJ")[1] has filed a Response (ECF No. 215). For the reasons below, the Court accepts the Recommendation, and it is incorporated into this Order by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.   BACKGROUND**

By all accounts, Plaintiff's 2017 externship with the Denver District Attorney's Office did not go well, prompting him to file this pro se lawsuit in 2019.[2] He has amended his Complaint three times, and only two claims remain—a retaliation claim under the American's

---

[1] As noted in the Response, Denver County Court acknowledges it is being sued as Denver County Judiciary in this matter. For consistency, the Court refers to this Defendant as DCJ.

[2] Plaintiff was briefly represented by counsel for less than two months in 2022. (*See* ECF Nos. 195, 203.)

with Disabilities Act against DCJ and a claim under the Rehabilitation Act against DCJ and Defendant University of Denver. Plaintiff's Motion, seeking to amend the complaint a fourth time and to re-join former Defendant Annis, was referred to the magistrate judge for a recommendation.

Noting that the deadline for the amendment of pleadings established by the scheduling order had passed, the magistrate judge determined that Plaintiff failed to establish good cause under Fed. R. Civ. P. 16(b)(4) or even to satisfy the requirements of Fed. R. Civ. P. 15(a)(2). The magistrate judge further determined that adding a claim against former Defendant Annis would be futile because, for the reasons stated in an earlier Recommendation, she was entitled to absolute immunity.

## II.     LEGAL STANDARDS

### A.     Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of a magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.     Leave to Amend the Complaint

A party seeking leave to amend after the scheduling order deadline must demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4). Courts "generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). But a motion for leave to amend the complaint should be granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

### C. Pro Se Parties' Pleadings

The Court construes pro se pleadings liberally, and they are "held to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "In addition, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). However, it is not the Court's role to act as a pro se litigant's advocate. *See id.* at 1110.

## III. ANALYSIS

Plaintiff first objects "to the temporal framework utilized to diminish [his] Compliant." (ECF No. 4.) This objection appears to be aimed at the magistrate judge's determination that Plaintiff failed to explain why he could not have sought amendment before the deadline to do so, and therefore he failed to establish good cause. Plaintiff contends he is pursuing amendment "based on new revelations which a confession shed light on." (ECF No. 211 at 4.) But in the absence of a coherent explanation as to what these new revelations are and what specifically was confessed, and by whom, the Court finds this objection lacks the required specificity to identify which factual and legal issues are in dispute. Moreover, even reviewing the matter de novo, the Court finds Plaintiff has failed to show the scheduling deadline could not have been met despite his diligent efforts. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230,

3

1240 (10th Cir. 2014). Nor has he presented new information that he learned through discovery to justify amendment at this late stage.

Plaintiff next appears to argue that the magistrate judge erred by failing to adequately take into consideration his allegations that on October 18, 2021, former Defendant Annis submitted an unedited recording of an October 13, 2017, hearing, and that on March 2, 2022, DCJ submitted discovery responses indicating that former Defendant Annis had no recollection of barring Plaintiff indefinitely from her courtroom. The magistrate judge found that Plaintiff failed to explain how these facts support the claims he seeks to add. (*See* ECF No. 205 at 6 n.3.) Plaintiff's objection on this point does nothing to clarify matters. He contends, for example, that "there is quite a story to be told if this Court would allow it." (ECF No. 211 at 6.) He also contends that "whatever it was which Annis did following October 13th, was not judicial—she was acting personally, while under the color of law, convincing all others that she was intending to hold Plaintiff in Contempt for the first time in Colorado's judicial history." (*Id.*) The Court finds such statements are insufficient to establish that Plaintiff did not have ample time to comply with the scheduling order deadline.

The Court is at a loss to decipher Plaintiff's next objection based on "bullying" (ECF No. 211 at 7), and finds that it, too, lacks the required specificity to identify which factual and legal issues are in dispute. The Court discerns no error with respect to the magistrate judge's determination that Plaintiff has failed explain why he could not have included his latest factual allegations in any of the four prior iterations of his Complaint.

Next, the Court finds—as did the magistrate judge—that Plaintiff's desire to "clear his name" (*id.* at 8) is insufficient to establish good cause to amend his Complaint. Plaintiff points to no authority to the contrary.

4

Next, Plaintiff objects to various "judgments . . . about the procedural path he took." (*Id.*) This objection fails to identify any factual or legal issues that are in dispute. Moreover, it appears to overlap with the previous objection. The Court discerns no error in regards to this aspect of the Recommendation.

Plaintiff next objects to the Court "guessing what [he] is going to say." (*Id.* at 10.) However, Plaintiff's pleadings are not models of clarity. As the Court reads the Recommendation, the magistrate judge dutifully fulfilled his duty to construe liberally Plaintiff's pro se pleadings. Again, the Court discerns no properly raised objection and no error.

Plaintiff's next objection pertains to the magistrate judge's determination that his Motion fails to satisfy the requirements of Fed. R. Civ. P. 15 and seems to imply that the Court has unduly delayed the progress of this case. (*See id.* at 11.) But Plaintiff has not shown that rulings on the numerous motions in this case were issued outside of normal timeframes. In any event, he has not shown that—having amending his Complaint three times already—further amendment is justified.

Finally, Plaintiff objects to the magistrate judge's conclusion that, with respect to the claims he would assert against former Defendant Annis, amendment would be futile because she is entitled to absolute immunity for her judicial acts. Plaintiff has not identified any allegations of nonjudicial acts by former Defendant Annis, and therefore, the magistrate judge correctly concluded she is entitled to absolute immunity.

In short, the Court discerns no basis for sustaining Plaintiff's objections. With respect to the aspects of the recommendation that Plaintiff did not object to, the Court finds the magistrate judge's analysis was thorough and sound and discerns no material errors on the face of the record.

## IV.     CONCLUSION

Therefore, the Court OVERRULES the Objections (ECF No. 211), ACCEPTS the Recommendation (ECF No. 205), and DENIES the Motion to Amend (ECF No. 176). Plaintiff's Motion to Set a Date for a Hearing Before Judge Raymond P. Moore (ECF No. 216) is DENIED AS MOOT.

DATED this 13th day of October, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge