IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02304-RM-STV

ETHAN WEST-HELMLE,

    Plaintiff,

v.

DENVER COUNTY JUDICIARY, and
UNIVERSITY OF DENVER,

    Defendants.

---

**ORDER**

---

Before the Court is the Motion for Summary Judgment by the Denver County Court ("DCC"), sued in this lawsuit as Defendant Denver County Judiciary ("DCJ") (ECF No. 221),[1] and the Second Motion to Certify Order for Interlocutory Appeal by Plaintiff (ECF No. 224). Both Motions have been briefed (ECF Nos. 229, 230, 235, 237), although Plaintiff has not filed a response to the DCC's Statement of Undisputed Material Facts ("MSUMF") (ECF No. 223). For the reasons below, the Court grants the DCC's Motion and denies Plaintiff's Motion.

**I.    BACKGROUND**

This action arises out of Plaintiff's 2017 academic externship with the Denver District Attorney's Office while he was a law student at the University of Denver Sturm College of Law.

---

[1] In this Order, the Court refers to the DCJ as the entity against which two of Plaintiff's remaining claims are asserted and the DCC as the entity that filed and briefed the two pending Motions, but for practical purposes, these entities may be considered one and the same.

As set forth in greater detail in previous Orders and Recommendations (*see* ECF Nos. 84, 90, 131 139), the externship did not go well, and a particular low point was when former Defendant Annis, a DCC magistrate judge, barred Plaintiff from her courtroom. Plaintiff received a failing grade for his externship, and his attempt to appeal that grade via DU's Examinations, Standing, and Readmission Committee was unsuccessful.

The operative Third Amended Complaint asserts numerous claims against nine Defendants (ECF No. 108), but the only claims that remain are his retaliation claims under the Americans with Disabilities Act ("ADA") against the DCJ and under the Rehabilitation Act against the DCJ and Defendant University of Denver ("DU").

## II.    LEGAL STANDARDS

### A.    Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element

of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

Where the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019). If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of his claim, the burden shifts to him to set forth specific facts showing that there is a genuine issue for trial. *See id.* If he fails to make a showing sufficient to establish the existence of an element, summary judgment must be entered in favor of the moving party. *See id.*

B. **Certification**

In its discretion, the Court may certify an order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However, interlocutory appeals are meant to be rare, and "even when the § 1292(b) requirements are met, district courts retain the authority to decide whether to certify an order for interlocutory appeal." *Chamberlain v. Crown Asset Mgmt.*, 2022 WL 3445952, at *1 (D. Utah Agu. 17, 2022) (quotation omitted).

      **C.**    **Treatment of a Pro Se Plaintiff's Pleadings**

The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**III.**    **ANALYSIS**

      **A.**    **The DCC's Motion**

The DCC's Motion begins with the premise that Plaintiff's retaliation claims hinge on his allegations that (1) the Colorado Attorney General's Office informed Annis about a complaint of disability discrimination Plaintiff filed in March 2018, (2) Annis subsequently emailed Plaintiff's professors at DU and advocated he not pass his externship, and (3) Annis' communications were the reason Plaintiff received a failing grade. The DCC contends that each of these allegations lacks factual support and, additionally, has adduced its own evidence that they are in fact false. The DCC also argues that Plaintiff cannot satisfy the federal funding requirement to bring a claim under the Rehabilitation Act and that Annis' judicial immunity should extend to Plaintiff's claims against the DCJ. On the current record, the Court agrees the DCC is entitled to summary judgment based on Annis' judicial immunity. Further, even if judicial immunity did not apply,

4

Plaintiff has failed to adduce any evidence to establish the causation element of his retaliation claims.

      1.    <u>Absolute Immunity</u>

In its September 9, 2020, Order, the Court dismissed without prejudice the claims in Plaintiff's Second Amended Complaint against Annis and the DCJ, finding that the former was entitled to absolute judicial immunity and that Plaintiff had cited no specific acts performed by the latter for which it could be held liable. (ECF No. 90 at 5.) Thereafter, Plaintiff requested and was granted leave to file his Third Amended Complaint, in which he continues to assert claims against the DCJ premised on Annis' conduct but not against Annis directly.

After another round of motions to dismiss, the Court determined that the DCJ was *not* entitled to absolute immunity, noting that the Third Amended Complaint uses the terms "DCJ," "Annis," and "Courtroom 4C" without defining them or explaining their relationship to one another. (ECF No. 139 at 9.) Thus, despite having already concluded that Annis was protected by judicial immunity for banning Plaintiff from her courtroom, the Court liberally construed Plaintiff's remaining allegations against the DCJ and found it was "at least plausible that the DCJ could be found liable for retaliatory conduct by one of its agents that was not intimately associated with the judicial process." (*Id.* at 10.)

However, in his Response to the DCC's Motion, Plaintiff takes the position that his claims against the DCJ are premised solely on Annis' conduct, stating that he "did not sue any persons working for a judge." (ECF No. 230 at 19.) As pertinent here, the Response goes on to state that "Plaintiff sued Colorado's court system under ADA and Rehabilitation Act for emotional damages. Plaintiff was barred from Courtroom 4C—in any official capacity—by

5

Annis. . . . Plaintiff suffers ongoing emotional distress caused by Annis's off-the-job communications with DA's Office." (*Id.* at 20.) Because it is now clear that the DCJ is being sued solely for the actions of Annis, who has absolute immunity, the DCJ is entitled to absolute immunity as well. *See Villescas v. Richardson*, 124 F. Supp. 2d 647, 655 (D. Colo. 2000).

2. Causation

Even if the DCJ were not absolutely immune, Plaintiff has fallen well short of establishing the causation element of his retaliation claims against the DCJ. To establish a causal connection in support of his claims, Plaintiff "must present evidence of circumstances that justify an inference of retaliatory motive." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1209 (10th Cir. 2018) (quotation omitted). In its Motion, the DCC has highlighted the absence of any evidence of a causal connection between any protected activity he engaged in and any adverse action by the DCC, thereby shifting the burden to Plaintiff to set forth specific facts showing there is a genuine issue for trial.

But in his Response, Plaintiff continues to point to the conclusory allegations in his Third Amended Complaint that the AG's Office provided notice of his March 2018 complaint to Annis and others while citing no evidence to support them. Indeed, he asserts in his Response that "a notice directly from the AG's office is unnecessary." (ECF No. 230 at 10.) However, to state a retaliation claim, Plaintiff must adduce evidence of causation that is based on more than mere speculation, conjecture, or surmise. *See Lincoln*, 900 F.3d at 1209; *see also Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990) ("[T]he nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.").

6

Plaintiff's reliance on new theories—e.g., that former Defendant Washburn informed Annis about the March 2018 complaint and that Annis was aware of an informal complaint he made to former Defendant Freeman in October 2017—is also unavailing. These theories not only appear to be raised for the first time in his Response to the DCC's Motion but also, like the conclusory allegations addressed above, lack evidentiary support.

Plaintiff also continues to rely on vague and conclusory allegations that Annis communicated with his professors and that such communications caused him to receive a failing grade for his externship. In his Response, he takes the position that he "does not claim that Annis contacted DU directly." (ECF No. 230 at 10.) Thus, he now appears to assert that such communication between Annis and DU should be inferred based on allegations that Annis discussed Plaintiff's externship with former Defendant Heard. But these allegations are insufficient to raise a genuine issue as to whether Annis somehow conveyed to DU an intent to retaliate against Plaintiff because of his disability. Nor has Plaintiff made any showing as to how the alleged communications played any role in his receiving a failing grade. At the summary judgment stage, Plaintiff bears the burden of setting forth specific facts showing a genuine issue for trial. He has failed to do so.

Further, although the DCC can prevail on its Motion based on the absence of any evidence supporting the causation element of Plaintiff's retaliation claims, the DCC has gone further and adduced evidence that neither Annis nor any agent or employee of Courtroom 4C received any notice about Plaintiff's March 2018 complaint or communicated with Plaintiff's professors that he should not pass his externship. (ECF No. 223, ¶¶ 18, 19, 22, 23.) Plaintiff filed no separate statement of undisputed material facts in opposition to the DCC's Motion and

its separate statement of undisputed material facts as required by this Court's Civil Practice Standards. *See* Civ. Practice Standard IV.C.2.d.2. Consequently, the Court considers the facts set forth in the MSUMF undisputed for present purposes and finds they further support the DCC's entitlement to summary judgment. And to the extent Plaintiff suggests that additional discovery or amendment of his pleadings could save his claims against DCJ, he has not persuaded the Court that such efforts would not be futile. In the absence of any genuine issues of material fact with respect to the causation element of Plaintiff's retaliation claims, the DCC is entitled to summary judgment.

### B.   Plaintiff's Motion

Plaintiff requests that the Court amend and certify for interlocutory appeal its October 13, 2022, Order (ECF No. 218), adopting the magistrate judge's Recommendation to deny Plaintiff's Motion to Amend Third Amended Complaint and Join Melissa Trollinger Annis (ECF No. 176). The DCC argues the Motion should be denied because three of the four requirements for certification are not satisfied. The Court agrees with the DCC.

Four statutory criteria control whether an issue may be certified under § 1292(b):

(1)   the action must be a civil action;
(2)   the court must conclude that the order from which appeal is to be taken involves a controlling question of law;
(3)   as to that question there must be substantial ground for difference of opinion; and
(4)   the court must believe that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*In re Grand Jury Proceedings June 1991*, 767 F. 222, 223 (D. Colo. 1991) (quotations omitted). There is no dispute that the first requirement is satisfied in this case.

8

Plaintiff contends that the Court's Order effectively denied all his claims against Annis, rendering the following "controlling questions of law" ripe for interlocutory appeal:

(1) Is Annis judicially immune, rendering Plaintiff's lawsuit futile, regarding Annis's personal acts?
(2) Did Plaintiff's notice of the claims to the Court prior to the Scheduling Order deadline toll the deadline?
(3) Were Annis's admissions sufficient for good cause under [Fed. R. Civ. P.] 15 and 16?
(4) Were Annis's admissions, under penalty of perjury, sufficient to plead a claim under § 1983?

(ECF No. 224 at 2-3.) However, a "controlling" question of law for purposes of § 1292(b) is "one having the potential for substantially accelerating disposition of the litigation." *In re Grand Jury Proceedings June 1991*, 767 F. Supp. at 225. The Court does not see how having the United States Court of Appeals for the Tenth Circuit answer any of the above questions would effectuate a speedy resolution of this case. *See id.* Rather, an interlocutory appeal has the potential to further delay resolution of a case that now has only one claim against one Defendant remaining.

Nor is the Court persuaded that substantial grounds for difference of opinion exist as to these questions. Plaintiff cites no novel or difficult questions that arise out of the underlying rulings upon which his Motion is based, and the Court considers them to be the product of applying well established legal principles to the circumstances of this case. Aside from his disagreement with such rulings, he has not identified any "split" on any issue "on which fair-minded jurists can reach, and have reached, contradictory conclusions." *Chamberlain*, 2022 WL at *2.

Finally, and largely because the Motion fails to present any issues of controlling law, the Court finds that the requested appeal would not materially advance the ultimate termination of

9

this litigation. This lawsuit is more than three years old, and only one claim remains. Once that claim is resolved and final judgment enters, Plaintiff will have the opportunity to raise whatever issues he wishes to raise with the Tenth Circuit in a single appeal. This approach is preferable to the piecemeal approach Plaintiff proposes in his current Motion.

## IV. CONCLUSION

Therefore, the DCC's Motion for Summary Judgment (ECF No. 221) is GRANTED, and Plaintiff's Second Motion to Certify (ECF No. 224) is DENIED. The sole claim remaining in this case is Plaintiff's retaliation claim under the Rehabilitation Act against DU.

DATED this 14th day of April, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge