## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-02304-RM-STV

ETHAN WEST-HELMLE

Plaintiff,

v.

UNIVERSITY OF DENVER

Defendant.

**PLAINTIFF'S MOTION FOR RECUSAL OF JUDGE RAYMOND P. MOORE**

Plaintiff Ethan West-Helmle ("Plaintiff"), *pro se*, submits this Motion for Recusal of Senior Judge Raymond P. Moore. In support of this motion, Plaintiff states the following:

### Introduction

Plaintiff has asked for an advocate to represent him on several occasions. [ECF 24, 144 & 185.] On all of these occasions, Plaintiff was denied a person to speak for him. [ECF 33, 147 & 187.] Plaintiff believes himself to be disabled and is otherwise qualified to represent himself *pro se*. [Exhibit 1.] Judge Raymond P. Moore (Judge Moore) refuses to accommodate Plaintiff. [ECF 373.] Therefore, Judge Moore has fulfilled all four elements of failure to accommodate.[1]

Judge Moore does not want to see Plaintiff survive this litigation. Indeed, Judge Moore told to Plaintiff that he will not read what Plaintiff wrote in Response to Summary Judgment. [371.] The truth is that Judge Moore never intended to read any of Plaintiff's work which is why his holdings consist of copy-and-paste from the Defendant's motions without any mentions of Plaintiff's supporting information.

---

[1] Judge Moore has never found in favor of Plaintiff on any matter. [ECF 12-373.]

Judge Moore suffers a reading comprehension issue, which is a struggle Plaintiff shares since his stroke. [ECF 1.] So, Plaintiff can relate from personal experience and shows compassion to this Judge. Unfortunately, this Judge antagonizes Plaintiff rather than seeking reconciliation for his repeated detrimental rulings – devoid of any support of the law. The repeated ignorance to the law, as it is written, screams "this is personal" rather than professional behavior. [ECF 131 & 139.]

Judge Moore is aware, from the contents of Plaintiff's Response, that Plaintiff cannot lose at this juncture given the overwhelming evidence. [ECF 367 & 368.] Judge Moore intends to kill Plaintiff's case based on personal prejudice against the disabled rather than a judicial act.[2] Plaintiff asked the Judge for additional pages, and Judge Moore told Plaintiff that he did not have any page limit. [ECF 362 & 363.] Then, Judge Moore took it back and claims he will only read to page (28) twenty- eight. [ECF 371.] In addition, the Judge explicitly refused to accommodate Plaintiff for remedy. [ECF 373.] Judge Moore has lied to the disabled, and now he holds Defendant's Motion for Sanctions in his pocket in order to intimidate Plaintiff if he rises again in the name of justice. [ECF 286.] This Motion for Sanctions was filed on November 28, 2023 – no holding yet.

This Court must recuse this Judge because Plaintiff feels threatened with Sanctions and refuses to allow any judge to make a decision regarding his own recusal despite statutes and common law. He refuses to allow Plaintiff to remedy his Motion and prefers to only hear a partial disabled voice. This Judge's prejudice is dangerous for

---

[2] Judge Moore has been pretending the facts of this case early on when he said Plaintiff is "too smart" to be disabled. [ECF 139.] This determination is the job of a medical professional. However, this Judge likes to play doctor rather than administering the case as it is – as a Judge. [ECF 134 at P4 ("[S]troke was an impairment as defined by the ADA, and this impairment included a heightened risk of stroke recurrence.").]

Plaintiff. Plaintiff cannot litigate without special accommodations, playing by off-the-cuff rules – NEW Rules.

"The goal of section 455(a) is to avoid even the appearance of partiality." *Davis v. Schnurr*, No. 21-3236-SAC, 2021 WL 5804624, at *2 (D. Kan. Dec. 7, 2021). "The trial judge must recuse himself when there is the <u>appearance of bias</u>, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).

In order to ensure this Affidavit is seen by a different Judge, as the law provides, Plaintiff will walk into the Courthouse no later than Friday to deliver a hard copy to the Court Clerk's Office if Judge Moore does not do what the law mandates him to do. Plaintiff believes personal, deep-seated prejudice is apparent when Judge Moore violates rules.

## ARGUMENT

"Affidavits of disqualification must allege personal rather than judicial bias. *United States v. Thompson*, 483 F.2d 527 (3rd Cir. 1973). They must contain more than mere conclusions. They must show facts indicating the existence of a judge's personal bias and prejudice." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances. The doctrine of incorporation by reference has no place in a § 144 affidavit." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "The test in this circuit is whether a **reasonable person**, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

This attached affidavit must be reviewed in order to resolve this lack of accommodation and discriminatory acts to Plaintiff's disfavor. In addition to this Affidavit, the Court must also review the last Affidavit Plaintiff submitted as well as the Objection to Judge Moore's ruling on recusal. [ECF 271 & 277.] The First Motion/Affidavit and Objection contain crucial information not incorporated in this present Motion.

This Argument section is divided into (4) four subsections: 1) Timeliness, 2) Judge's deep-seated prejudice, 3) Judge Moore tricks Plaintiff, and 4) prima facie case.

**1. This Motion is Timely filed.**

"Under § 144, a motion to recuse must be filed promptly after the facts forming the basis of the disqualification become known." *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir. 1979).

Plaintiff filed a Motion for Recusal, arising under 28 USC §§ 455 and 144 on September 11, 2023. [ECF 271.] Judge Moore took absolute control of the situation and subjectively denied his bias because the claims are "baseless." [ECF 272.] Judge Moore then sent a Memorandum to Magistrate Scott T. Varholak (Magistrate Varholak) shortly thereafter. [ECF 273.] In suit with Judge Moore, Magistrate Varholak also immediately copied and pasted his template into the Docket [Minute Order 274.], and he denied that he too acted with bias or prejudice. These two gentlemen have been working together for the last five years in denying Plaintiff in anyway the law provides and often times even though the law does not provide. Plaintiff is unable to follow Judge Moore's rules logically because he makes them up as he goes. In several ways, Judge Moore does not pay attention to the law but does harm to the disabled anyway because he knows the law much better than Plaintiff does – or does he?

In the § 144 dispute before this Court, Judge Moore was not entitled to make this ruling [ECF 272.] or any ruling in this case until the Affidavit and Certificate of Counsel has been decided by another Judge in the District. The Law says, "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, **such judge shall proceed no further therein**, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Judge Moore prefers to pay attention to his ***personal gut*** than giving the law any deference in a disabled person's case, here.

"The challenged judge determines the sufficiency of the affidavit but does not weigh or test the truth of the allegations. If the facts give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment, the judge must recuse even though the statements may not accurately reflect the judge's state of mind." *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir. 1979). This is not how Judge Moore handled the Motion to Recuse. Judge Moore spoke of his own innocence rather than concerning himself at all with the Affidavit. Indeed, Judge Moore never mentioned the filing of an affidavit at all. [ECF 272.]

Judge Moore knows this above law, but he does not like the law when the law deters his ability to do what he wants to do to Plaintiff. So, Judge Moore just DENIED Plaintiff because "what idiot would question a *bias* Judge." The "dummy, dummy two-by-four" will not even know he can question a bias judge. Judge Moore has never liked the disabled litigant because this disabled person needs justice against defendants who are also legal professionals.

Judge Moore did not respond to Plaintiff's Objections. He held the objections without response for 95 days. On December 31, 2023, Plaintiff realized his mistake in referring to Judge Moore as "Mr. Moore." [ECF 313.] Thus, Plaintiff filed a Motion to Withdraw his Objection because Plaintiff could no longer standby his delivery and Plaintiff felt compelled to apologize to a Senior Judge. Meanwhile, this same Senior Judge continued with his devious wrongdoing.

Plaintiff's apologies were misinterpreted by Judge Moore. The withdrawal came with further stipulations, which Judge Moore never addressed. *Id.* The **miscommunications** between Judge Moore and Plaintiff are outstanding and detrimental to Plaintiff's efforts to get his message across to a man who will not listen.

This Court still has not seen the Affidavit Plaintiff originally filed for review. Thus, Plaintiff's Second Affidavit should not be ignored as untimely because there was no intent to delay any proceeding. *Matter of Searches Conducted on Mar. 5, 1980*, 497 F. Supp. 1283, 1289 (E.D. Wis. 1980) ("While this Court might properly conclude that the affidavit is untimely, the Court does not find that it was brought for purposes of delay and, therefore, it will consider the affidavit to have been timely filed").This Motion serves as an unprecedented THIRD attempt to have these facts reviewed by a Court. Plaintiff should not be made to tolerate Judge Moore's prejudice against him. Plaintiff does not feel comfortable in Judge Moore's Court. [ECF 372 at 3 ("Plaintiff does not want to be in this Court … if he is to feel unwelcome in this public place.").]

## 2. Judge Moore's prejudice is deep-seated.

Judge Moore has developed a nearly (5) five-year antagonistic relationship with Plaintiff. *Davis v. Schnurr*, No. 21-3236-SAC, 2021 WL 5804624, at *2 (D. Kan. Dec. 7, 2021) ("When no extrajudicial source is relied upon as a ground for recusal, "opinions

formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion **unless they display a deep-seated favoritism or antagonism** that would make fair judgment impossible")

Judge Moore's prejudice started with denial of the facts as they were presented. Judge Moore has attempted to "pull a fast one" on Plaintiff rather than accept the facts as they exist. This Section is divided into (3) three subsections: i) Judge Moore denies Plaintiff disability status; ii) Judge Moore denied a Motion *without prejudice*, but he changed his mind; and iii) Judge Moore's demeaning, public remarks.

## I.   Judge Moore ignores the facts of Plaintiff's case and denies him disability status.

Magistrate Varholak recommended the unthinkable against Plaintiff: "The Third Amended Complaint **fails to identify any major life activity** that has been impaired by Plaintiff's mild impairments." [ECF 131, P17.] Plaintiff suffered a massive ischemic stroke while in law school and provided information and argument of such, yet Magistrate Varholak got discombobulated while reading the pleadings. *Id.* at 16-18. This is unique behavior of a Magistrate, but working with Judge Moore enticed this magistrate to head down a slippery slope. Judge Moore's personal thoughts and feelings regarding Plaintiff would be in a memorandum - **ECF 115**. [ECF 115 & 273.]

Judge Moore's deep-seated prejudice against Plaintiff's mental disability started with the Judge's inability to recognize that victims of ischemic stroke are disabled. He persuaded Magistrate Varholak to rule as Judge Moore sees fit for the case. [ECF 115.] This Judge has not shown any willingness to construe this *pro se* disabled person liberally. Instead, he attempts to trick Plaintiff into believing that his life-threatening event

will not ultimately disable Plaintiff while Plaintiff's doctors said the damaged portions of

Plaintiff's brain will not grow back. Judge Moore likes to play doctor, but he is no doctor

at all. Plaintiff is under the impression that Judge Moore does not think the law is tough

enough on Plaintiff. So, Judge Moore wrongfully invents his own law as the case goes

on. No judge is permitted to "go their own way" in any case, yet Judge Moore continues

to do it in this case as if he is addicted to Plaintiff's pain and suffering.

When dismissing the discrimination claims, "[t]he Court uses Plaintiff's intelligence

as the guide." [ECF 134, P3.] "The particular medical report Plaintiff submitted to the

Court for consideration was published in August 2018, while Plaintiff started this

externship in August 2017 - a full year before (7 months after his stroke)." [ECF 134,

P5.] Plaintiff has been an intelligent person his whole life. However, suffering a stroke

was new to Plaintiff despite his history of pulmonary embolisms.

> "**Major life activities include 'the operation of a major bodily function,
> including but not limited to circulatory functions**.'" *Cole v. Weatherford Int'l,
> LLC*, No. 14-CV-1115- WJM-KMT, 2015 WL 3896835, at *4 (D. Colo. June 23,
> 2015); § 12102(2)(B). Ischemic "stroke is a physical condition that increases
> [one's] risk for subsequent strokes." *Equal Emp. Opportunity Comm'n v. UPS
> Ground Freight, Inc.*, 443 F. Supp. 3d 1270, 1283 (D. Kan. 2020),
> reconsideration denied, No. 17-2453-JAR, 2020 WL 1984293 (D. Kan. Apr. 27,
> 2020). "[S]troke was an impairment as defined by the ADA, and [this]
> impairment included a heightened risk of stroke recurrence." Id. at 1288.
> Applicable regulations "define physical or mental impairment as any
> physiological disorder or condition, cosmetic disfigurement, or anatomical loss
> affecting one or more body systems, such as neurological, musculoskeletal,
> special sense organs, respiratory (including speech organs), cardiovascular,
> reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic,
> skin, and endocrine." *Id.* at 1282; *Feldman v. L. Enf't Assocs. Corp.*, 779 F.
> Supp. 2d 472, 484 (E.D.N.C. 2011) (Multiple Sclerosis "**substantially limits
> major life activities including neurological functions**.").

[ECF 134, P4.] Here, Plaintiff did all he could do to get his message across, but

the Magistrate and Judge Moore operated in unison to **exclude** Plaintiff from justice.

The Magistrate Recommended that Plaintiff has to be dumb to be recognized as disabled, while this stroke is a physical disability. This **stigma** related to victims of stroke is a harm in and of itself. The defendants in this case acted as they did because Plaintiff was too incompetent to take recourse – the STIGMA. Judge Moore stated his prejudice plainly:

> "In the absence of any allegation that Plaintiff had difficulty performing a major life activity, his vague and conclusory assertion that he "**properly pleaded a physical disability** which causes cognitive impairments of different degrees" (ECF No. 134 at 2) adds no oxygen to a nonexistent flame." [ECF 139, P6.] "Because the Complaint fails to include allegations demonstrating that Plaintiff is disabled, the Court will overrule Plaintiff's objection regarding this claim. **The Court declines to consider newly submitted evidence**, such as the medical records ... Nor will the Court consider arguments raised for the first time in the Objection, such as Plaintiff's new contention that he must be a qualified individual with a disability because he has received accommodations [from the Bar Examiners] in the past. Further, the Court declines to dismiss this claim without prejudice."

[ECF 139, P6.] STIGMA! So, here Judge Moore ignores the information a disabled Plaintiff put before him and pointed out. Rather than construing *pro se* Plaintiff liberally, Judge Moore deliberately limits the information he will look at from Plaintiff. Judge Moore has a deep-seated prejudice against Plaintiff, exhibiting a long history of personal acts to Plaintiff's disfavor.

Judge Moore went even further than Magistrate Varholak did in his Recommendation, and Judge Moore, *sua sponte*, dismissed claims where the Defendants submitted answers and no litigant asked him to dismiss the claims despite the Answers. [ECF 95 &112.]. Thus, Judge Moore never permitted Plaintiff to make an argument in order to prosecute. Instead, Judge Moore blatantly stole claims right out from under Plaintiff, shocking the conscience of all litigants who follow the rules. The

civil rules of procedure is what Plaintiff pays close attention to while Judge Moore ignores the rules and makes up his own. His erratic holdings in this case cause unnecessary chaos and conflict with the disabled - only Judge Moore does not care for the disabled. This Court must care.

These detrimental acts - against the rules - only begins the wrongdoing of this Judge, here. Judge Moore tricked Plaintiff in a crucial turning point - following the confessions of Defendant Magistrate Melissa Trollinger Annis (Annis). This Judge was not done doing away with Plaintiff's wellbeing.

## II.    Judge Moore dismissed a Motion *without prejudice* and then changed his mind.

Annis had confessed to non-judicial wrongdoing to Plaintiff's disfavor. On December 1, 2022, Plaintiff asked this Court to add Annis as a joinder the last day that the scheduling order permitted. [ECF 171.] The Court said:

> "Motion [for Joinder or to Compel] also requests to amend the complaint to join Melissa Trollinger Annis, who was previously dismissed as a defendant from this matter. The Motion is also **DENIED WITHOUT PREJUDICE** as to that request. Plaintiff has failed to comply with this Court's local rules regarding motions to amend."

[ECF 175.] Therefore, Plaintiff assumed he was permitted by the Court to file a Renewed Motion for Joinder or to Compel. Plaintiff immediately submitted a Request for Admissions to Annis's counsel. Annis admits that Plaintiff did nothing wrong in her Courtroom. [Exhibit 2.] Plaintiff then Renewed his Motion on March 10, 2022. The Denver County Judiciary stated that Plaintiff again did not follow the rules because the Motion is too late. [ECF 181.] Subsequently, Plaintiff complied with the late filing stipulations in his Reply. [ECF 184.] **Judge Moore ignored his Reply in its entirety.** Instead, Judge Moore stated:

"The instant Motion was filed on March 10, 2022 [#176]—more than three months after the December 3, 2021, deadline for joinder of parties and amendment of pleadings. Accordingly, Plaintiff must demonstrate that his proposed amendments satisfy both the good cause requirement of Rule 16(b)(4) and the Rule 15(a) standard for amending pleadings. Plaintiff has failed to do so."

[ECF 205, P5-6.] Plaintiff did not fail to make an argument. Judge Moore simply ignored Plaintiff's pleadings. [ECF 184.] Judge Moore consistently ignores the arguments made by Plaintiff. This Judge is a "copy and paste" kind of guy. In all of his rulings in this case, Judge Moore copies and pastes from the Defendants' Motions to Dismiss, ignoring the disabled.

The disabled will not be ignored for the convenience of this Court because Plaintiff "feels" like he is being treated poorly because he is disabled - **<u>Discrimination</u>**. Plaintiff will never understand the man who refuses to hear the outcries of the disabled. Judge Moore's prejudices are deep-seated and clear. If this Judge is not Recused, then this Court should order Judge Moore to stop playing condescending games with Plaintiff and to consider ALL FACTS presented.

### III.    The Demeaning Remarks to the Disabled presents prejudice.

Judge Moore's misunderstanding of Plaintiff continues to manifest itself in demeaning remarks to Plaintiff on the ***public*** case docket. Judge Moore said on September 19, 2023, "The Motion is also DENIED … because the Motion fails to present a ***coherent*** argument." [ECF 272.] Plaintiff fired back, "Judge Moore has already shared his feelings on the matter and Plaintiff is too **<u>incompetent to have the evidence</u>** he is entitled." [ECF 277.] Judge Moore may not believe he is being dismissive or discriminatory, but this Judge has made Plaintiff feel unwelcome in his Court whether the bias be unconscious or not. [ECF 372 at 3.]

Indeed, Judge Moore received a Reply for Defendant's Motion for Sanctions on January 19, 2024. Judge Moore still holds this Motion for Sanction over Plaintiff's head as a form of punishment if Plaintiff voices his complaints again. Plaintiff responded to this Motion and withdrew his Objection and Request for Reconsideration of the Motion for Recusal on December 31st. On January 5th, Judge Moore quickly Withdrew the filing without considering the contents. [ECF 313.] However, parties are still waiting for a holding to impose punishment on the disabled litigant.

Thus, Judge Moore's in-court activities are not borne from the judicial duties in the normal course of business. This deep-seated prejudice reveals itself through the consistent violations of the rules, candor in memorandums to Magistrate Varholak, and purposeful ignorance to what Plaintiff conveys in order to prosecute. Please take Plaintiff seriously here. Please recuse this Judge from this case.

3. **Judge Moore tricked Plaintiff <u>again</u> most recently, giving rise to this Motion to Recuse.**

Plaintiff has never asked Judge Moore for a special accommodation until recently. Judge Moore recently made it clear he is not personally compelled to accommodate the disabled. [ECF 373.]

Here, Plaintiff only required additional pages on one other occasion. On March 12, 2020, Plaintiff requested to file a response to several Defendants' motion to dismiss. Magistrate Varholak responded to Plaintiff's Motion to Exceed Page Limits. The Magistrate said:

> "ORDER granting <u>75</u> Plaintiff's Motion to Exceed Page Limits. Plaintiff may file a consolidated response to the four pending motions to dismiss [#62, 64, 65, 68] ***not to exceed 35 pages***. SO ORDERED."

[ECF 77.] This holding is clear. Indeed, the Court's Office called Plaintiff to clarify the request before posting this Grant in the Docket. The Magistrate allotted Plaintiff the ability to file a Response **not to exceed 35 pages**. Plaintiff can understand the specificity of this holding – clear as day. Then, on May 20, 2024, Plaintiff requested the same accommodation from Judge Moore. [ECF 362.]

Plaintiff requested 28 pages and the Defendant opposed Plaintiff's request because they only needed 23 pages and they did not want Plaintiff to exceed their number of pages. *Id.* To this request and opposition, a litigant would assume that the request would either be denied or the request would specify whether there would be 28 or 23 pages permitted. Instead, Judge Moore said:

> "ORDER granting <u>362</u> Plaintiff's Motion for Leave to Exceed Page Limit and Postpone the Due Date for Response to Summary Judgment."

[ECF 363.] Therefore, Judge Moore approved Plaintiff to exceed the page limits with no additional limitations. On May 28, 2024, Plaintiff turned in a (56) fifty-six-page Response in good faith reliance on this holding. [ECF 367 & 368.] On May 29, 2024, Judge Moore struck ECF 367 from the record "In its entirety," insinuating he will not consider any of the attachments Plaintiff submitted in ECF 367. Judge Moore said:

> "This matter is before the Court sua sponte. On May 21, 2024, the Court granted Plaintiff's Motion <u>362</u> seeking an extension and leave to exceed the page limit in connection with his Response to Defendant's Motion for Summary Judgment. ***The deadline was extended until May 28, and the page limit was increased to 28 pages***. On May 28, Plaintiff filed two duplicative 56-page Responses while failing to respond to Defendant's Statement of Undisputed Material Facts. Consistent with the May 21 Order, the Court will accept only the first 28 pages of Plaintiff's latest Response <u>368</u> and **STRIKE** the remaining pages of that filing as well as the **duplicative Response <u>367</u> *in its entirety***. Plaintiff's latest Motion for Extension <u>369</u> fails to demonstrate good cause for another extension and is hereby DENIED. The Court deems Defendant's

Statement of Undisputed Material Facts undisputed, and Defendant's Reply in support of its summary judgment motion is due on or before June 12, 2024."

[ECF 371.] Judge Moore tricked Plaintiff and subsequently moved quickly to procedurally tear down Plaintiff's attempts to be heard and considered at a summary judgment phase. Judge Moore exhibits every intent of burying these claims and not considering the truth. Judge Moore, indeed, did not extend the page limit to 28 pages. He generally extended the page limit. [ECF 363.] A disabled Plaintiff would likely be fooled by this vague holding, and Plaintiff feels like he has been taken advantage of by Judge Moore here as both disabled and *pro se*. Plaintiff attempted to rectify the situation. Plaintiff requested an accommodation for his part – if any – in the misunderstanding. On May 31, 2024, Plaintiff said:

"This Court is being interpreted by Plaintiff as being hostile with this mistake. Plaintiff must act now to remedy this *sua sponte* holding based on misinformation, which intends to only hear Plaintiff's arguments partially after the Response was already filed. Plaintiff only followed the holding which explicitly permitted him to disregard the page numbers and focus on delivering a clear message. Now, the holding serves as a bait-and-switch … **<u>Plaintiff must explicitly request a special accommodation</u>** because of the miscommunication between the Judge and Plaintiff. Find Plaintiff's response to the list of undisputed facts attached. Plaintiff has stayed up most of the night to respond to this specifically, and he asks this Court accept it. Not accepting the truth as it is written on the page would be a flaw. Plaintiff cannot permit this Court to infuse Plaintiff's intent with falsities. There is no reason to ignore the efforts Plaintiff has put forth in truth. Plaintiff Objects to this Court affirmatively denying his truth – both in disputed facts and from pages 29-56 of his Response. Rather, the Court cannot speak for him. Plaintiff is his own advocate. **Plaintiff is asking this Court to cooperate with him in order to find a way we can work together without further issues**. Plaintiff does not want to be in this Court, Your Honor, if he is to feel unwelcome in this public place. Plaintiff does not tolerate feelings of discrimination or perceived discrimination. Plaintiff believes that Judge Moore's unwillingness to read what Plaintiff wrote is not considering a special accommodation as an option."

[ECF 372 at 2-3.] Plaintiff still submissively *attempts to **cooperate** with the judge* after Judge Moore has violated one rule after the next – always to Plaintiff's disadvantage. In *Foster*, "***cooperation* was requested in conjunction with his stated need to meet with his doctor** to schedule surgery." *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1188-89 (10th Cir. 2016). "***Foster sought cooperation (an accommodation) to get his surgery and recovery 'took care of.'*** In this way, Foster's request was far more specific than asking for 'time off.'" *Id.* at 1189. Here, Plaintiff is asking for cooperation to help him understand the Judge's vagueness was not a general holding. This accommodation request is short term in duration and specific in need. This is not wrongdoing of Plaintiff, so why is Plaintiff the only one being punished here?

On the same day, May, 31st, Judge Moore responded:

"Before the Court are Plaintiff's Objections <u>372</u> , which the Court construes as a request to reconsider its May 29, 2024, Order. That request is DENIED. ***To the extent Plaintiff seeks, <u>belatedly</u>, special accommodations such that certain of the Court's rules do not apply to him***, that request is also **DENIED**."

[ECF 373.] "The simple fact that an accommodation would **permit [a litigant] with a disability to violate a rule that <u>others must obey</u>** cannot, *in and of itself*, automatically show that the accommodation is not reasonable." *Hampton v. Utah Dep't of Corr.*, 87 F.4th 1183, 1194 (10th Cir. 2023). The miscommunication occurs again. Plaintiff requested Judge Moore consider an accommodation for the first time, while Judge Moore sees this Objection as a "request to *reconsider*." There was nothing to "reconsider" when the judge completely missed the mark to begin with. Plaintiff cannot communicate with a judge who does not listen so fails to understand the disabled.

Here, Judge Moore is willing to explicitly discriminate against a disabled litigant, refusing to hear him and punishing him for Judge Moore's mistake – Moore tricked him! Of course, as Judge Moore explained, "*the Court's rules do not apply to him.*" *Id.* This shows no ounce of respect for the human being who has dedicated the last four years to clearing his name. There is most definitely personal animosity against Plaintiff. If this animosity is derived from the favoritism of these defendants, then shame on Judge Moore. He should have recused himself long before Plaintiff originally asked him to.

*Pro se* litigants play many roles. The Court had "no reason to believe that [a] judge was influenced in his rulings by personal animosity toward [the] attorney." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1152 (10th Cir. 2006). However, here, Plaintiff is acting *pro se*. The dynamics of Plaintiff's case are more complicated. Plaintiff, being both counsel and party, makes it difficult to draw a line between the Judge's feelings regarding the party or Plaintiff's inexperience as counsel. Regardless, either way this animus surrounds the disability Plaintiff suffers. People have acted in a polarized fashion simply because of the defendants Plaintiff sued here. The defendants are all legal professionals whether or not they have maintained their license despite acts related to this case. This case was originally "randomly" assigned to Judge Lewis T. Babcock, who recused himself from the outset of the case. [ECF 9.] Even the original Magistrate reassigned the case, randomly. Thus, the lines are blurred here.

For the disabled person to ask to be heard and considered is an embarrassing accommodation Plaintiff was compelled to request. To be heard is a most basic human right protected by the First Amendment. However, being only partially heard is the path that Judge Moore sees fit for a disabled *pro se* litigant. The law says the Court must

construe Plaintiff liberally. *Hall ,v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro

se litigant's pleadings are to be construed liberally and held to a less stringent standard

than formal pleadings drafted by lawyers. [The Tenth Circuit] believe[s] that this rule

means that if the court can reasonably read the pleadings to state a valid claim on

which the plaintiff could prevail, **it should do so**"). Judge Moore does not want to do

what the law compels him to do because considering the disabled is not in line with the

destruction of Plaintiff's final *little bitty ole* claim.

### 4. Plaintiff has standing to sue.

Plaintiff suffered a stroke and subsequently he suffers from a disability. Judge

Moore failed to accommodate Plaintiff because Plaintiff was too late. Further, Judge

Moore claims the "rules do not apply to him." [ECF 373.]

Under the ADA, discrimination is defined to include "not making reasonable

accommodations to the known … mental limitations of an otherwise qualified individual

with a disability" who is [litigant], unless the [Judge] can demonstrate that the

accommodation would impose an undue hardship on the operation of its [Court].

*Selenke v. Medical Imaging of Colorado*, 248 F.3d 1249, 1261 (10th Cir. 2001). "To

establish a prima facie case of failure to accommodate under the ADA, a plaintiff must

show that: (1) he has a disability within the meaning of the ADA; (2) the [judge] had

notice of his disability; (3) he could perform the essential functions of the job with

reasonable accommodation; and (4) the [judge] refused to provide such

accommodation." *Chan v. Sprint Corp.*, 351 F. Supp. 2d 1197, 1206 (D. Kan. 2005).

Here, Plaintiff does not threaten to sue. Plaintiff would never threaten any Judge or

Court for any reason. But, Plaintiff has a recent history of suing a judiciary. Plaintiff is

not inviting any trouble from Judge Moore who is advanced in years over education. Plaintiff is sure that he is a fine, outstanding citizen, but a citizen who does not follow the rules the bench demands for impartial decisions. Plaintiff can only imagine what Judge Moore is capable of doing because Plaintiff cannot know what his rules require until it is too late. What are the consequences of this arbitrary Judge's rules? Here, Judge Moore operates with unreasonable acts of his own will.

"[J]udicial immunity is a personal defense reserved for individuals." *Prakel v. Indiana*, 100 F. Supp. 3d 661, 677 (S.D. Ind. 2015); see *Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006) ("Official immunities (judicial, legislative, absolute, qualified, quasi, and so on) are personal defenses designed to protect the finances of public officials whose salaries do not compensate them for the risks of liability under vague and hard-to-foresee constitutional doctrines. That justification does not apply to suits against units of state or local government, which can tap the public fisc."); *Newman v. State of Ind.*, 129 F.3d 937, 942 (7th Cir. 1997) ("[I]t is to spare judges from shrinking from doing their duty out of fear of being sued that the doctrine of absolute judicial immunity was devised."). Here, Judge Moore has failed in service of his professional duties.

In *Prakel*, a party sued Indiana's court system under ADA and Rehabilitation Act for emotional damages. Prakel "contends that she was deprived of the emotional support of her son (at least with regard to the June 2010 and April 2011 hearings at which Mr. Prakel did not have an interpreter) because, without an interpreter, he was unable to fully participate in court proceedings as a spectator and provide meaningful support thereafter." *Prakel*, 100 F. Supp. 3d at 672. "These are distinct injuries-in-fact

sufficient for standing purposes." *Id.* at 672–73. "Moreover, Ms. Prakel's injuries can be redressed through … damages for the emotional distress she alleges she suffered." *Id.* at 673; *see King v. Indiana Supreme Court*, No. 1:14–cv– 01092–JMS–MJD, 2014 WL 5798583, at *4 (S.D. Ind. Nov. 7, 2014) (citing *Grant–Hall v. Cavalry Portfolio Servs.*, LLC, 856 F. Supp. 2d 929, 936 (N.D. Ill. 2012) (holding that claim for "compensatory damages" satisfies redressability)).

Analogous to *Prakel*, Plaintiff requested accommodations from the Court. Indeed, Plaintiff requested an opportunity to cure the misunderstanding with an accommodation. Distinguished from *Prakel*, Judge Moore, here, said "**no**" to accommodations. Plaintiff was never offered any accommodation such as Ms. Prakel. Plaintiff was outright denied accommodations without any date changes or scheduling altercations. [ECF 373.] Prakel was offered the accommodation, but the Court did not follow through on their promise to provide an interpreter for her son if she chose a continuance. Plaintiff was the litigant rather than a spectator, but Plaintiff was outright denied an accommodation without a care in the world.

The facts here fulfill all four elements of a claim of failure to accommodate against the District Court, while Judge Moore would certainly not be sued.[3] The Plaintiff suffers from a disability and the judge has known for the past 4 years about Plaintiff's disability. For the last four years, Plaintiff has been able to perform the essential functions necessary to prosecute … and the Judge failed to accommodate. Plaintiff does not see any judicial act here – just rule and law violations.

---

[3] Plaintiff is unsure of the extension of judicial immunity to retired, or semi-retired, judges. Plaintiff has been unable to locate a case which explains the Tenth Circuit's evaluation on a similar matter. Plaintiff admits he is enchanted by novel cases which rely heavily on argument contrived in pieces rather than precedent.

If Judge Moore is not forced to recuse, then this Court is saying to a *pro se* Plaintiff that Judge Moore can do what he wants personally so long as his bias is hidden in the record. This is no time to suggest to Plaintiff that every judge breaks the FRCP regularly because they can – they CANNOT  Plaintiff is not going to appease Judge Moore in order to placate the situation when this Court has done nothing for Plaintiff – no accommodation. Plaintiff has never met Judge Moore, but Plaintiff sees his ongoing prejudice by his own acts. Action speaks louder than words.

Plaintiff does not know whether this failure to accommodate would be sufficient to recuse Judge Moore, but Plaintiff surely knows that his human rights are being violated by this judge. Plaintiff asks this Court to replace Judge Moore before he begins his partial review of the thoughts of Plaintiff on this discriminatory matter.

## Conclusion

WHEREFORE, it seems that both Judge and *pro se*, disabled litigant may have done irreparable harm to one another because neither can communicate effectively with the other. Plaintiff will not be silenced because this Judge hangs a Motion for Sanctions over his head. Plaintiff breaks no rules here.

Plaintiff admits to no knowledge of Judge Moore's past relationships with others aside from a few select adversaries who speak out against Judge Moore.[4] [Exhibit 3.] Where did Judge Moore's prejudice arise from? Plaintiff cannot stand by and allow biased people against him to decide his fate. Plaintiff's side on this matter must be heard – equally.

---

[4] Nobody positively reviewed Judge Moore. Thus, his wrongdoing is not new with Plaintiff. However, here we have **explicit discrimination**. [ECF 373.] Judge Moore told Plaintiff he was going to discriminate against him because he refuses to accommodate him while he suffers with mental impairments.

Plaintiff merely asked for an accommodation to ensure that he was fully heard, yet Judge Moore stifled him. Judge Moore should recuse himself under § 455. If he does not, then this Affidavit must be heard by another Judge at the Court under § 144. The new judge need not have compassion, but a Judge in this case must follow the rules, the facts, and the law. Judge Raymond P. Moore knowingly violates the law repeatedly without remorse. This cannot be tolerated or given any countenance because Judge Moore's bad behavior is to a disabled person's extreme detriment.

Respectfully submitted this 17th day of June, 2024.

_____s/ Ethan West-Helmle_____
Ethan West-Helmle, *pro se*
1522 Osceola Street
Denver, CO 80204
Telephone: (310) 467-0468
Email: ethanvdenver@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of June, 2024, I sent notification of such filing to the following e-mail addresses:

Jim Goh, Esq.
jgoh@constangy.com

_____Ethan West-Helmle_____
Ethan West-Helmle, *pro se*