IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-02304-RM-STV

ETHAN WEST-HELMLE

Plaintiff,

v.

UNIVERSITY OF DENVER

Defendant.

### AFFIDAVIT OF PLAINTIFF ETHAN WEST-HELMLE
### PURSUANT TO 28 U.S.C. § 144

I, Ethan West-Helmle, acting pro se, and being duly sworn in accordance with the requirements of 28 U.S.C. § 1746, *under penalty of perjury,* hereby declare:

1. This Declaration is based on my personal knowledge and investigation.

2. While enrolled in law school, I suffered an ischemic stroke on December 31, 2016, and I have been mentally disabled since this time.

3. I am representing myself in this case, acting *pro se*, since 2019. I am not yet licensed to practice the law even though I graduated from Sturm College of Law in December, 2018.

4. This Lawsuit stems from ADA Retaliation surrounding the wrongdoing of Magistrate Melissa Trollinger Annis (Annis), the Denver District Attorney's Office, and the University of Denver, Sturm College of Law.

5. I have never worked for a law firm, nor have I ever taken a case *pro se* prior to this present ambition to clear my name of accusations legal professionals made against me.

1

6. I have requested Appointment of Counsel on 12/18/19, 08/31/21, and 4/26/22. All three occasions were DENIED.

7. On March 12, 2020, I requested to Exceed Pages when filing a response to several Defendants' motions to dismiss. Magistrate Scott T. Varholak (Magistrate Varholak) said clearly and specifically: "ORDER granting 75 Plaintiff's Motion to Exceed Page Limits … [#62, 64, 65, 68] **_not to exceed 35 pages_**. SO ORDERED."

8. Judge Moore persuaded Magistrate Varholak to rule as Judge Moore sees fit for the case even though this Judge has not shown any willingness to construe this *pro se* disabled person liberally.

9. Today, my case has been whittled down to one claim of Rehabilitation Act against University of Denver because Magistrate Varholak recommended the dismissal of claims he previously ordered the Denver DA's Office to ANSWER to.

10. On September 23, 2020, **The Denver DA answered.** Then, on August 12, 2021, Judge Moore unfortunately *dismissed the claims against the Denver DA despite their Answer and my objections.* Judge Moore personally, wrongfully invents his own law as the case goes on - void of any citation or precedent.

11. No litigant asked the Judge to dismiss the claims despite the Answers to them (ADA Retaliation, Rehabilitation Act and Conspiracy). For personal reasons, Judge Moore did it anyway.

12. When dismissing the discrimination claims, "[t]he Court uses Plaintiff's intelligence as the guide" even though the intelligent may be disabled too.

13. I pleaded, "Major life activities include 'the operation of a major bodily function, including but not limited to <u>circulatory functions</u> [and strokes] "substantially limit major life activities including <u>neurological functions</u>." Judge Moore failed to believe the precedent, and he called Plaintiff a liar.

14. On August 12, 2021, Judge Moore ORDERED that I have to be dumb to be recognized as disabled, while this stroke is a physical disability. This *stigma* related to victims of stroke is a harm in and of itself.

15. On August 12th, Judge Moore said, "In the absence of any allegation that Plaintiff had difficulty performing a major life activity, his vague and conclusory assertion that he '**properly pleaded a physical disability**' … adds no oxygen to a nonexistent flame … The Court declines to consider additional evidence, <u>such as the medical records</u>."

16. On August 12th, Judge Moore **deliberately limits the information he will look at** from Plaintiff rather than construing *pro se* disabled Plaintiff liberally.

17. Judge Moore has been made aware of what he is doing *personally*, while making no altercations to his professional rulings.

18. On December 1, 2022, Plaintiff asked this Court to add Defendant Magistrate Melissa Trollinger Annis (Annis) as a joinder the last day that the scheduling order permitted because Annis confessed to non-judicial wrongdoing. The Motion for Joinder was DENIED *without prejudice* because Plaintiff failed to follow the Court's rules regarding filing an amendment. I filed a Motion for Joinder – not a Motion to Amend.

19. On March 10, 2023, I then renewed Motion for Joinder following a Request for Admissions to Annis's Counsel. The Denver County Judiciary argued that Plaintiff again did not follow the rules because the Motion is too late. Subsequently, I complied with the late filing stipulations in my Reply. **Judge Moore ignored the Reply in its entirety** and dismissed the claim even though the Court previously dismissed the original motion *without prejudice*.

20. On August 24, 2023, Magistrate Varholak reminded me "you're certainly entitled to file an objection to my ruling here today with Judge Moore and <u>Judge Moore can then decide</u> whether or not I've unduly restricted, said Magistrate Varholak. Magistrate Varholak says this to me, knowing he was instructed by Judge Moore in the Memorandums, ECF 115 & 273, to do the wrongdoing he did, dismissing wrong claims and withholding valuable discovery.

21. On September 11, 2023, I filed my first Motion for Recusal and accompanying Affidavit.

22. On September 19, 2023, Judge Moore subjectively said he is not bias, so the Motion is baseless. Judge Moore never made any mention in his holding of the attached affidavit.

23. On September 19, 2023, Judge Moore said, "The Motion is also DENIED … because the Motion fails to present a ***coherent*** argument." I fired back, "Judge Moore has already shared his feelings on the matter and Plaintiff is too **incompetent to have the evidence** he is entitled." Judge Moore cannot decide whether his personal bias is furthered by my competency or my incompetency.

4

24. Same day, Judge Moore immediately sent a Memorandum to Magistrate Varholak, telling him to refuse to recuse himself because Judge Moore already broke the rules, so it is okay for Magistrate Varholak to do so to a disabled person.

25. Then, same day – shortly thereafter – Magistrate Varholak copied and pasted his template into a *sua sponte* Minute Order, refusing to recuse himself too. Magistrate Varholak indeed told the parties at a hearing that he has a conflict of interest because he has a relationship with an employee affiliated with Defendant University of Denver – Dean Bruce Smith.

26. On October 2, 2023, I Objected to the *sua sponte* acts of these two men. Judge Moore held this Objection without a ruling until Plaintiff finally withdrew the Motion for unrelated reasons.

27. On November 28, 2023, Defendant University of Denver filed a Motion for Sanctions. The Motion remains pending even though all other pre-trial work has been completed.

28. Judge Moore threatens me with this Motion for Sanctions on my shoulders.

29. On December 31, 2023, I moved to withdraw the Motion for Recusal. THREE MONTHS had passed and this Court was never permitted to see or review the personal bias of Judge Moore or the explicit confession of Magistrate Varholak despite my numerous attempts.

30. On January 5, 2024, Judge Moore hastily GRANTED my Motion to Withdraw the Objection and DENIED all of my other stipulations in doing so. This Minute Order never mentioned anything that I required in order to actually withdraw the motion,

5

so this Motion is not "actually" withdrawn. So, I submit this Affidavit following the new explicit discrimination.

31. ALL of my Motions have been DENIED since this time because Judge Moore is acting on through personal bias in order to shut me up and close me down since Plaintiff asked this Court to review Judge Moore's personal bias, making sure he is acting as any judge would when dealing with a disabled person.

32. On May 21, 2024, same as "Statement 7" above, I asked Judge Moore to Exceed pages, and on May 22nd Judge Moore told me that I did not have any page limit for summary judgment motion.

33. On May 28, 2024, I filed a 56-page Response to Motion for Summary Judgement.

34. On May 29, 2024, I realized I did not fully respond to the Motion for Summary Judgement. I did not respond to the Undisputed Facts submitted by Defendant, so I immediately requested two days to complete my response to be fully heard.

35. On May 29, 2024, Juge Moore said, "The Court deems Defendant's Statement of Undisputed Material Facts [as] undisputed" regardless of any true submissions Plaintiff attempts. Judge Moore is inserting untruth into his holding against the disabled.

36. On May 29, 2024, Judge Moore told to Plaintiff that he will not read what Plaintiff wrote in Response to Summary Judgment regardless of a response to undisputed facts.

37. On May 31, 2024, Judge Moore asserted, "the Court rules do not apply to him." A disabled Plaintiff would likely be fooled by this vague holding, and Judge Moore tricked me.

38. On May 31, 2024, I filed an objection and **requested a special accommodation** from Judge Moore to cooperate with him in offering a full response. Attached to this Document, I submitted a proper response to the Undisputed Facts along with other relevant attachments.

39. In this objection, I informed the Court that I do not feel welcome in Judge Moore's Court. On May 31, 2024, Judge Moore said he does not care. Judge Moore told me he was going to discriminate against me because he refuses to accommodate me while I suffer with mental impairments.

40. On May 31, 2024, Judge Moore refused to accommodate Plaintiff. Judge Moore said, "the Court construes [the objection] as a request to reconsider its May 29, 2024, Order. That request is DENIED. **To the extent Plaintiff seeks, belatedly, special accommodations** … that request is also DENIED."

41. Plaintiff objected two days after the Order … Plaintiff was not too late to seek remedy on anyone's standard. Plaintiff never asked Judge Moore to reconsider his holding, but Judge Moore misunderstood him. Plaintiff – for the first time – requested an accommodation in order to cooperate in finding a solution.

42. In the totality of the circumstances, I believe Judge Moore to be explicitly, openly bias because of the foregoing facts. Judge Moore has disfavored me because I am openly intelligent, suffering from a disability.

43. I understand that the statements written in this Affidavit are given under penalty of perjury. All of the foregoing statements are true and correct to the best of my knowledge. Pursuant to 28 U.S.C. § 1746, I declare *under penalty of perjury* under the laws of the United States of America that the foregoing is true and correct.

**Dated and executed this 17th day of June, 2024.**

                                           *s/Ethan West-Helmle*
                                      Ethan West-Helmle, acting *pro se*

**CERTIFICATE OF COUNSEL**

Plaintiff, Ethan West-Helmle, acting *pro se*, serves as his own counsel of record. This above affidavit was made in good faith by affiant, Ethan West-Helmle. I, as my own Counsel, acted in good faith in making this Certificate. I, acting *pro se*, believe I should be afforded equal deference for making this Certificate as any other active attorney on record.

Respectfully submitted on this 17th day of June, 2024,


 s//Ethan West-Helmle
Ethan West-Helmle