

EXHIBIT
(7 Pages)
57

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02304-RM-STV

ETHAN WEST-HELMLE,

    Plaintiff,

v.

DENVER COUNTY JUDICIARY,
UNIVERSITY OF DENVER,

    Defendants.

---

## DENVER COUNTY COURT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DENVER COUNTY JUDICIARY

---

Defendant Denver County Court ("DCC"), sued here as the Denver County Judiciary, through undersigned counsel, hereby submits its Response and Objections to Plaintiff's First Request for Admissions to Denver County Judiciary.

### General Responses and Objections

1.     DCC reserves all objections to relevance, proportionality and materiality. The DCC's responses to these Requests shall neither waive nor prejudice any objections it may later assert including, without limitation, objections as to the responsiveness, competency, relevance, materiality, proportionality, privilege, or admissibility as evidence in any proceeding in or trial of this or any other action.

2.     DCC objects to these Requests to the extent they seek the disclosure of information or documents protected from discovery by the attorney-client privilege and/or attorney work product doctrine. Any disclosure by DCC of privileged or protected information or documents is inadvertent and is not intended to waive those privileges or protections, which are specifically reserved.

3.     DCC objects to each Request to the extent that it seeks information that exceeds the scope of, or is inconsistent with, permissible discovery under the Federal Rules of Civil Procedure.

4.     DCC objects to all Definitions, Instructions, and Requests as defined by Plaintiff to the extent that they purport to enlarge, expand, or alter in any way the plain meaning and scope of

1

any specific Request on the ground that such enlargement, expansion, or alteration renders said Request vague, ambiguous, unintelligible, unduly broad, or uncertain.

5.     DCC objects to all Definitions, Instructions, and Requests as defined by Plaintiff to the extent they refer to or seek documents or information not currently in DCCs possession, custody or control, or refer to persons, entities or events not known DCC, on the grounds that such Instructions, Definitions, or Requests would require more of DCC than any obligation imposed by law, would subject DCC to unreasonable and undue annoyance, oppression, burden, and expense, or would impose upon DCC an obligation to investigate or discover information or materials from third parties, sources, or services that are equally accessible to Plaintiff.

6.     DCC objects to each Request to the extent that it is premature because discovery has not been completed, and DCC reserves its right to supplement these Responses as necessary and as permitted by the Federal Rules of Civil Procedure.

7.     DCC reserves the right to amend, supplement, or otherwise modify its responses and objections to these Requests as it deems appropriate and as future discovery may warrant.

8.     DCC objects to any interrogatory or request for production that calls for deliberative process privileged information. Documents "falling within the ambit of the deliberative process privilege are not subject to disclosure." *City of Colorado Springs v. White*, 967 P.2d 1042, 1045 (Colo. 1998); *S.E.C. v. Nacchio*, Civ. No. 05-cv-00480-MSK-CBS, 2009 WL 211511, * 3 (D. Colo. Ja. 29, 2009); *see also* C.R.S. § 24-72-204(3)(a)(XIII) and C.R.S. §24-72-204(6)(a), which prohibits the release of documents providing internal, deliberative opinions, comments and suggestions, would cause "substantial injury to the public interest." *See Alliance Construction Solutions, Inc. v. Department of Correction*, 54 P.3d 861 (Colo. 2002) (holding that a government contractor is within the attorney-client privilege). The deliberative process privilege is unique to the government. *White*, 967 P.2d at 1046–47 (internal citations omitted). "The privilege rests on the ground that public disclosure of certain communications would deter the open exchange of opinions and recommendations between government officials, and it is intended to protect the government's decision-making process, its consultative functions, and the quality of its decisions." *Id.*; *see NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148–53 (1975) (discussing privilege).

## REQUEST FOR ADMISSIONS

**Request 1:** Admit Annis lied when she answered Plaintiff's First set of Interrogatories.

**RESPONSE:** The DCC objects to reference to "Annis" in this Request and others as Plaintiff has named the Denver County Judiciary as a defendant, not Magistrate Annis. Subject to and without waiving these objections, the DCC denies this Request.

**Request 2:** Admit Annis has no proof of any wrongdoing of Plaintiff in Courtroom 4C.

**RESPONSE:** The DCC objects to reference to "Annis" in this Request and others as Plaintiff has named the Denver County Judiciary as a defendant, not Magistrate Annis. The DCC also objects to the term "wrongdoing" in this Request as unclear, vague and overbroad. Subject to and without waiving these objections, the DCC admits this Request.

**Request 3:** Admit Annis never communicated professionally with Denver DA's Office regarding Plaintiff.

**RESPONSE:** The DCC objects to reference to "Annis" in this Request and others as Plaintiff has named the Denver County Judiciary as a defendant, not Magistrate Annis. Subject to and without waiving these objections, the DCC admits subject to the following: Magistrate Annis did not communicate to anybody from the Denver DA's Office regarding Plaintiff. Magistrate Annis may have had generalized discussions with the Denver DA's Office regarding the externs and addressed the externs during judicial proceedings if they were appearing before her, and in front of the externs' supervising attorney(s) from the Denver DA's Office, but she does not recall any specific discussions or communications regarding or involving the Plaintiff and a search of electronic communications from the time of Plaintiff's externship with the Denver DA's Office has uncovered no such communications.

**Request 4:** Admit Annis does not recall any discussions specifically regarding Plaintiff because he was not guilty of any wrongdoing specifically.

**RESPONSE:** The DCC objects to reference to "Annis" in this Request and others as Plaintiff has named the Denver County Judiciary as a defendant, not Magistrate Annis. The DCC also objects to the term "wrongdoing" and "guilty" in this Request as unclear, vague and

overbroad. Subject to and without waiving these objections, the DCC admits to Magistrate Annis not recalling any discussions regarding Plaintiff, but the reasons for that lack of recollection are due to many factors, including but not limited to, the passage of time and the fact that many externs have appeared before Magistrate Annis since Plaintiff's externship with the Denver District Attorney's Office. In addition, a search of electronic communications from the time of Plaintiff's externship with the Denver DA's Office has uncovered no such communications.

**Request 5:** Admit Annis never held Plaintiff in contempt of Court.

**RESPONSE:** The DCC objects to reference to "Annis" in this Request and others as Plaintiff has named the Denver County Judiciary as a defendant, not Magistrate Annis. Subject to and without waiving these objections, the DCC admits this Request.

**Request 6:** Admit the Court never received any complaint about Ethan West.

**RESPONSE:** The DCC objects to the term "complaint" in this Request as unclear, vague and overbroad. Subject to and without waiving these objections, the DCC interprets "complaint" as referring to a written or verbal statement regarding Plaintiff and not a legal document or pleading such as what Plaintiff filed to initiate this proceeding. Subject to this interpretation, the DCC admits this Request.

**Request 7:** Admit Annis took no professional action to cause Plaintiff's detriment.

**RESPONSE:** The DCC objects to reference to "Annis" in this Request and others as Plaintiff has named the Denver County Judiciary as a defendant, not Magistrate Annis. The DCC also objects to this Request as vague, unclear, overbroad and outside the proper scope of Fed. R. Civ. Proc. 36. It is unclear what "professional action" or "detriment" refers to in the

context of this Request.  For example, it is clear from Plaintiff's pleadings in this case that he views his experience as an extern with the Denver DA's Office negatively and as causing him harm and that Magistrate Annis played a role in that experience.  However, subject to and without waiving these objections, the DCC admits that Magistrate Annis did not cause detriment to Plaintiff through her actions.

**Request 8:** Admit Annis told Dustin Heard, in October 2017, that "it's my Court, MYY ROOOOM, MYYY RUULLEEES!!!"

**RESPONSE:**  The DCC objects to reference to "Annis" in this Request and others as Plaintiff has named the Denver County Judiciary as a defendant, not Magistrate Annis.  Subject to and without waiving these objections, the DCC denies this request based on the fact that Magistrate Annis has no recollection of making such a statement.

**Request 9:** Admit Annis shares responsibility for the notes added to Plaintiff's NCIC Report in the summer of 2018.

**RESPONSE:**  The DCC objects to reference to "Annis" in this Request and others as Plaintiff has named the Denver County Judiciary as a defendant, not Magistrate Annis.  Subject to and without waiving these objections, the DCC denies this request.

**Request 10:** Admit Annis barred Plaintiff indefinitely from Courtroom 4C in October 2017.

**RESPONSE:**  The DCC objects to reference to "Annis" in this Request and others as Plaintiff has named the Denver County Judiciary as a defendant, not Magistrate Annis.  Subject to and without waiving these objections, the DCC denies this request based on the fact that Magistrate Annis has no recollection of barring Plaintiff indefinitely from Courtroom 4C in

October 2017 as stated in this Request.

**Request 11:** Admit Annis barred Plaintiff indefinitely because of an end-of-session interaction between Plaintiff and Annis on October 13, 2017.

**RESPONSE:** The DCC objects to reference to "Annis" in this Request and others as Plaintiff has named the Denver County Judiciary as a defendant, not Magistrate Annis. Subject to and without waiving these objections, the DCC denies this request.

**Request 12:** Admit Annis never provided any Courtroom Rules to Plaintiff.

**RESPONSE:** The DCC objects to reference to "Annis" in this Request and others as Plaintiff has named the Denver County Judiciary as a defendant, not Magistrate Annis. Subject to and without waiving these objections, the DCC admits this request.

Respectfully submitted this 2nd day of March, 2022.

As to Objections:

**KRISTIN M. BRONSON**
**Denver City Attorney**

By: _s/ Paige Arrants_____
    Edward Gorman
    Paige Arrants
    Assistant City Attorneys
    City and County of Denver
    201 West Colfax Avenue, Dept. 1207
    Denver, CO 80202-5332
    edward.gorman@denvergov.org
    paige.arrants@denvergov.org
    _Attorneys for Defendant Denver County Court s/h/a_
    _Denver County Judiciary_

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

    I HEREBY CERTIFY that on the 2nd day of March 2022, a true and correct copy of the foregoing **DENVER COUNTY COURT'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DENVER COUNTY JUDICIARY** was served via email as follows:

Jim Goh, Esq.
Rayner Magnum, Esq.
jgoh@constangy.com
rmagnum@constangy.com

Ethan West-Helmle
6772 W. 19th Place, #107
Lakewood, CO 80214
ethanvdenver@gmail.com

*s/ Shannon Egan*
Shannon Egan, Paralegal
Denver City Attorney's Office
